UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
|---|---|---|---|
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Victor George<br>Norman Coe<br>Meylin Alfaro | Daniel Beck, AUSA |

**Proceedings:** TELEPHONE HEARING RE: NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANTS HANNAH MONROE, RENAE BROMLEY, AND THE UNITED STATES OF AMERICA (Dkt. 29, filed on January 11, 2021)

## I.     INTRODUCTION

Before the Court is defendants Federal Bureau of Investigation ("FBI") Special Agent Hannah Monroe, FBI Agent Renea Bromley and the United States' motion to dismiss plaintiffs Anait Stepanyan, Kirakos Kesablyan and Kadzhik Kesablyan's Second Amended Complaint, filed on January 11, 2021. Dkt. 29 ("Mot.").[1] Plaintiffs opposed on January 18, 2021, dkt. 32 ("Opp."), and defendants replied on January 25, 2021, dkt. 33 ("Reply"). The Court held a hearing on February 8, 2021. The parties thereafter filed supplemental briefing. Dkts. 36 ("Def. Supp. Brief"), 37 ("Plt Supp. Brief"), 38 ("Def. Supp. Reply"). The Court held a second hearing on March 22, 2021.

---

[1] Unless otherwise noted, all references to the docket refer to the docket in this case, Anait Stepanyan v. United States of America, et al., No. 2:20-cv-01774-CAS-PLA (C.D. Cal.).

Because Kirakos, Kadzhik and the decedent Vahram share a surname, the Court respectfully refers to them by their first names.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
|---|---|---|---|
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Investigation of Kirakos and Shooting of Vahram Kesablyan

On January 5, 2018, the federal government filed a criminal complaint against Kirakos in the Central District of California. Mot. at 3; see USA v. Kesablyan, No. 2:18-cv-00054-PSG-2 (C.D. Cal.), dkt. 1 (criminal complaint). The complainant was listed as Monroe, who provided an affidavit in support of the complaint, an arrest warrant, and a search warrant for Kirakos' home. Mot. at 3. The affidavit accused Kirakos of falsely claiming to be a United States Marshal while demanding money from a victim during a dispute over forming a cannabis business, in violation of 18 U.S.C. § 912. Id.

Early on the morning of January 8, 2018, a joint task force of Los Angeles Police officers and FBI agents executed the arrest and search warrants at Kirakos' residence. Dkt. 27 ("SAC") ¶ 35; Mot. at 3. During the execution of the warrants, several FBI agents approached Vahram Kesablyan, Kirakos' father, SAC ¶ 5, who was sitting in his vehicle outside the residence, id. ¶ 36; Mot. at 3. Although the parties dispute the circumstances precipitating the shooting, there is no dispute that FBI agents shot and killed Vahram. Plaintiffs allege Vahram could not have been mistaken for Kirakos, and that Vahram did nothing to provoke the shooting and at no point posed a threat to the officers. Id. ¶¶ 38–40. The government reports that Vahram attempted to draw a concealed pistol. Mot. at 3. Plaintiffs allege that Kirakos "was at the scene of the shooting," and "witnessed Decedent Vahram still alive and bleeding" before he died. Id. ¶ 43.

Plaintiffs allege that Monroe and Bromley were responsible for supervising the agents who shot Vahram, Id. ¶ 37, but they do not allege Monroe and Bromley were actually at the scene. Plaintiffs allege Monroe and Bromley "were negligent in their control and direction of the tactics utilized by the peace officers at the scene." Id. ¶ 44. Plaintiffs also allege that "there existed a custom, policy or practice" that permitted the shooting to take place. Id. ¶ 45.

### B. Prior Suits in the Superior Court of California and the District Court

On January 8, 2019, plaintiffs Anait Stepanyan, Kirakos Kesablyan, and Kadzhik Kesablyan filed suit against the County of Los Angeles, Los Angeles Police Department, and the Los Angeles County Sheriff's Department in the Los Angeles County Superior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
|---|---|---|---|
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

Court (Stepanyan, et al. v. Cty of Los Angeles, et al., No. 19STCV01385, "Superior Court Lawsuit"). Plaintiffs alleged claims for battery resulting in the wrongful death of Vahram.

On June 6, 2019, plaintiffs amended their complaint to substitute the FBI, and agents Monroe and Bromley as additional defendants. However, plaintiffs did not serve Monroe or Bromley. Reply at 12. On September 12, 2019, the FBI removed the action to federal court pursuant to the federal entity removal statute, 28 U.S.C. § 1442(a)(1), where the matter came before this Court (Anait Stepanyan, et al. v. County of Los Angeles, et al., No. 2:19-cv-07918-CAS-PLA (C.D. Cal.)). On September 25, 2019, the FBI filed a motion to dismiss itself from the action pursuant to the doctrine of derivative jurisdiction. Id., dkt 7. On October 15, 2019, the Court entered an order granting the parties' joint stipulation to dismiss the FBI from the action without prejudice. Id., dkt. 11. Finding that there was no subject matter jurisdiction over the removed lawsuit, this Court issued an order on November 18, 2019, remanding the case back to the Superior Court. Id., dkt. 19.

On September 15, 2020—over a year after the FBI removed the Superior Court Lawsuit to this Court—the Superior Court apparently ordered plaintiffs to serve Monroe and Bromley. Opp. at 9. On November 30, 2020, Monroe and Bromley removed the Superior Court Lawsuit to this Court for the second time (Anait Stephanyan, et al. v. County of Los Angeles, et al., No. 2:20-cv-10868-CAS-PLA (C.D. Cal.)).[2] That case was initially assigned to the Honorable Mark C. Scarsi, United States District Judge, id., dkt. 3, but was transferred to this Court on December 17, 2020, id., dkt. 7. The case remains pending.

    **C.**    **Instant Suit and Defendants' First Motion to Dismiss**

On February 24, 2020, plaintiffs initiated this lawsuit in federal court, naming the United States, Monroe, Bromley, 20 unknown FBI agents and Does 1 through 100 as defendants. Dkt. 1 ("Compl."). The matter initially came before the Honorable Consuelo B. Marshall, United States District Judge. Dkt. 2. In their then-operative First Amended Complaint, plaintiffs alleged claims for (1) assault and battery against the United States pursuant to the Federal Tort Claims Act ("FTCA") (claim one); (2) wrongful death against

---

[2] The spelling of plaintiff's surname as "Stephanyan" appears to be a typographical error.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
|---|---|---|---|
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

the United States pursuant to the FTCA (claim two); (3) negligence against the United States pursuant to the FTCA (claim three); (4) excessive force in violation of Cal. Civ. Code § 52.1 against the United States pursuant to the FTCA (claim four); (5) negligent infliction of emotional distress to a bystander against the United States pursuant to the FTCA (claim five); (6) unreasonable use of force against Monroe and Bromley pursuant to 42 U.S.C. § 1983 ("Section 1983") and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens") (claim six); (7) unreasonable seizure against Monroe and Bromley pursuant to Section 1983 and Bivens (claim seven); (8) wrongful death against Monroe and Bromley pursuant to Section 1983 and Bivens (claim eight); and (9) failure to supervise against Monroe and Bromley pursuant to Section 1983 and Bivens (claim nine). Dkt. 20 ("FAC") ¶¶ 38–113.

Defendants moved to dismiss the FAC on October 1, 2020. Dkt. 21. On December 14, 2020, Judge Marshall issued an order: (1) dismissing with prejudice plaintiffs' claims arising under Bivens, alleged against Monroe and Bromley, as time-barred (claims six, seven, eight and nine), dkt. 25 ("MTD FAC Ord.") at 4; (2) dismissing with leave to amend plaintiffs' claims arising under Section 1983, alleged against Monroe and Bromley, because the court concluded, based on the facts as pled, that Monroe and Bromley were acting under color of federal, not state, law (claims six, seven, eight and nine), id. at 6; (3) denying defendants' motion to dismiss plaintiffs' claim for battery but dismissing with leave to amend their claim for assault (claim one), id. at 9;[3] (4) denying defendants' motion to dismiss plaintiffs' claim for wrongful death (claim two), id. at 10; (5) denying defendants' motion to dismiss plaintiffs' claim for negligence as it related to the use of deadly force, but dismissing it with leave to amend as it related to negligent hiring or supervision (claim three), id. at 10–11; (6) denying defendants' motion to dismiss plaintiffs' excessive force claim (claim four), id. at 11; and (7) denying defendants' motion

---

[3] Although Plaintiffs' first cause of action is for "Assault and Battery," assault and battery are two distinct causes of action under California law. Brown v. Ransweiler, 171 Cal. App. 4th 516, 523 n.6 (2009); compare Plotnik v. Meihaus, 208 Cal. App. 4th 1590, 1603–04 (2012) (assault is "a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present") with Ashcraft v. King, 228 Cal. App. 3d 604, 611 (1991) (battery is "any intentional, unlawful and harmful contact by one person with the person of another").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

to dismiss plaintiffs' claim for infliction of emotional distress (claim five), id. at 12. In sum, the only claims remaining are claims against the United States for battery (claim one); wrongful death (claim two); negligence (claim three) which is not based on negligent hiring, training, retention and supervision; violations of Cal. Civ. Code § 52.1 (claim four); and negligent infliction of emotional distress (bystander) (claim five). Plaintiffs were granted leave to amend their Section 1983 claims against Monroe and Bromley (claims six, seven, eight and nine), their assault claim against the United States (claim one), and their negligent hiring, training and supervision claims against the United States (claim three).[4]

### D. Plaintiffs' Second Amended Complaint

On December 28, 2020, plaintiffs filed their SAC. The SAC alleges the same claims against the United States (claims one, two, three, four and five). SAC ¶¶ 47–88. Furthermore, the SAC still alleges Section 1983 claims for unreasonable use of force (claim six), unreasonable seizure (claim seven), wrongful death (claim eight), and failure to supervise (claim nine) against Monroe and Bromley. Id. ¶¶ 89–123. The only claims no longer alleged in the SAC are the claims against Monroe and Bromley based on Bivens.[5]

Defendants now move to dismiss plaintiffs' 1983 claims against Monroe and Bromley, their assault claim against the United States, and the negligence claim against the United States to the extent it is based on negligent hiring, training or supervision.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly

---

[4] On December 17, 2020, the case was transferred to this Court pursuant to General Order 19-03 as related to Stepanyan, et al. v. Cty of Los Angeles, et al., No. 2:19-cv-07918-CAS-PLA (C.D. Cal.). Dkt. 26.

[5] Although the SAC does not allege Bivens liability, the parties briefed the question of whether plaintiffs' SAC states a claim against Monroe and Bromley pursuant to Bivens. See Mot. at 14; Opp. at 16. However, because Judge Marshall dismissed plaintiffs' Bivens claims with prejudice, MTD FAC Ord. at 4, and because the SAC does not allege Bivens claims, the Court does not consider the issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
|---|---|---|---|
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
|---|---|---|---|
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

### A. Section 1983 Claims Against Monroe and Bromley

#### 1. Elements of the Claims

Defendants argue that the FBI-agent defendants were acting under color of federal, not state, law, and therefore that Section 1983 does not apply. Mot. at 10. They contend that "the critical issue is whether the individual defendants were purporting to be enforcing state law under state authority, and therefore clothing themselves in power made possible only by state authority, rather than clothing themselves in the authority of federal law when they took the challenged actions." Id. at 11. Defendants add that plaintiffs must show that federal and state agents conspired to undertake joint action that was unlawfully intended to violate constitutional rights, which plaintiffs do not plead here. Reply at 5. Finally, defendants argue that plaintiffs fail to state Section 1983 claims against Monroe and Bromley because the SAC does not allege what actions, specifically, Monroe and Bromley took that injured Vahram, but rather alleges that other FBI agents shot and killed Vahram. Id. at 7–8.

Plaintiffs respond that the SAC does allege non-conclusory facts that Monroe and Bromley were acting under color of state law. Opp. at 2. Although plaintiffs cite to several paragraphs in the SAC, these paragraphs contain only conclusory statements, not specific factual allegations. See Opp. at 2–7. These allegations include that Monroe and Bromley "[were] … acting under color of state law and/or federal law," and "[were] also deputized by the City of Los Angeles" "to carry out law enforcement functions for the City of Los Angeles," "act[ing] jointly with state actors," SAC ¶¶ 8, 9; and that the operation "was a combined operation performed by the joint task force designated 'The Eurasian Organized Crime Task Force,'" which is composed of the Los Angeles Police Department, the Los

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
|---|---|---|---|
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

Angeles County Sheriff's Department, and the FBI, id. ¶ 14.[6] Plaintiffs argue that a federal officer "can both be acting in the course and scope of his or her duties with [a] federal agency … and at the same time be a deputized member of a state organization performing acts for the state[.]" Opp. at 12. Accordingly, plaintiffs argue Monroe and Bromley "are not immunized from liability because at the bottom of their actions, they are actually performing a state function to rid the local governmental entity of the criminal element that it has deemed to be plaguing that locale." Id. In their supplemental brief, plaintiffs reiterate these arguments. Plt Supp. Brief at 7–9.

Judge Marshall dismissed plaintiffs' Section 1983 claims because the conclusory allegations that Monroe and Bromley were "acting under color of state law" and were "deputized by the City of Los Angeles by and through the Los Angeles Police Department to carry out the City of Los Angeles' law enforcement functions," FAC ¶¶ 9, 10, "[were] contradicted by the factual allegations in the FAC that Defendants were acting within the scope of their employment as federal agents and employees of the USA, pursuant to a federal warrant signed by a federal judge," MTD FAC Ord. at 5–6. Judge Marshall thus dismissed all Section 1983 claims alleged against Monroe and Bromley "with leave to amend to allege non-conclusory facts, if any, that Defendants Monroe and Bromley were acting under color of state law." Id. at 6.

Section 1983 provides a cause of action for persons deprived of rights, privileges, or immunities secured by the Constitution and federal law by those acting under color of state law. 42 U.S.C. § 1983. "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." Billings v. United States, 57 F.3d 797, 801 (9th Cir. 1995) (quoting Scott v. Rosenberg, 702 F.2d 1263, 1269 (9th Cir. 1983)). Courts give "careful adherence to the 'state action' requirement." Price v. Hawaii, 939 F.2d 702, 708 (9th Cir. 1991). Accordingly, "Section 1983 provides no cause of action against federal agents acting under color of federal law." Billings, 57 F.3d at 801. Nevertheless, "federal employees, like private individuals, can act under color of state law if they conspire or act

---

[6] The SAC also includes several paragraphs describing the problem posed by Eurasian criminal organizations and the Eurasian Organized Task Force's approach to combating them, SAC ¶¶ 14–19, but these allegations are cast at a high level of generality and do not establish that the FBI agents in this case were acting under color of state law.

Case 2:20-cv-01774-CAS-PLA   Document 41   Filed 03/22/21   Page 9 of 17   Page ID #:403

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
|---|---|---|---|
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

in concert with state officials to deprive a person of her civil rights." Id. (citation omitted). But mere "conclusory allegations, unsupported by facts," are "insufficient to state a claim under the Civil Rights Act." Price, 939 F.2d at 708.

Here, although plaintiffs allege that Monroe and Bromley acted under color of state law, the factual allegations they raise show that is not the case. Defendants Monroe and Bromley are federal agents, they are alleged to have executed a federal warrant issued by a federal judge, to arrest a suspect for a federal crime. See Billings v. United States, 57 F.3d 797, 801 (9th Cir. 1995) (finding "no evidence that federal agents acted under color of state law" where the "arrest was initiated and effected solely by the Secret Service Agents, pursuant to the procedures and protocols of their agency," even though local law enforcement eventually took the suspect into custody); West v. City of Mesa, 708 F. App'x 288, 292 (9th Cir. 2017) (upholding dismissal of Section 1983 claim against FBI investigator). Furthermore, Judge Marshall has already found plaintiffs' claims that Monroe and Bromley were "deputized" by local law enforcement conclusory and thus insufficient to state a claim. MTD FAC Ord. at 5–6. Because the only allegations plaintiffs add in their SAC are general statements about the Eurasian Organized Task Force, they do not shed new light on the particular operation at issue, and do not overcome the concrete factual allegations that establish Monroe and Bromley were operating under color of federal law, namely that they are federal agents who were allegedly executing a federal warrant issued by a federal judge. For these reasons, the Court finds plaintiffs have failed to state a Section 1983 claim against Monroe and Bromley, as well as the 20 unnamed FBI agents.

    2.    <u>Statute of Limitations</u>

Although the parties did not initially brief the issue, the Court requested supplemental briefing on whether plaintiffs' Section 1983 claims are barred by the statute of limitations. "The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions." Carpinteria Valley Farms, Ltd. v. Cty. of Santa Barbara, 344 F.3d 822, 828 (9th Cir. 2003). The statute of limitations for personal injury actions in California is two years. Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (citing Cal. Code Civ. Proc. § 335.1); see Phillips v. Bramucci, No. 15-01533 EJD (PR), 2016 WL 6997169, at *9 (N.D. Cal. Sept. 30, 2016) ("In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions." (citation omitted)). However, while state law

Case 2:20-cv-01774-CAS-PLA Document 41 Filed 03/22/21 Page 10 of 17 Page ID #:404

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
|---|---|---|---|
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

determines the statute of limitations for Section 1983 claims, "federal law determines when a civil rights claim accrues." Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002) (quotation omitted). Under federal law, "a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009).

Here, plaintiffs' Section 1983 claims accrued on January 8, 2018, when Vahram was fatally shot. FAC ¶ 26. The FAC alleges Kirakos "was present at the scene of the shooting when Decedent Vahram was shot," id. ¶ 34, and plaintiffs do not dispute they each knew Vahram was killed on January 8, 2020. Accordingly, the statute of limitation for Section 1983 claims arising from this incident ran on January 8, 2020, two years after the claims accrued. However, plaintiffs filed the complaint in this case on February 24, 2020. It appears, then, that their Section 1983 claims are time-barred.

The Court anticipated that plaintiffs would resist this conclusion, however, because, in response to a similar argument regarding plaintiffs' Bivens claims, raised before Judge Marshall, plaintiffs argued that the two-year statute of limitation applicable to Bivens claims was "supersede[d]" by the California Government Torts Act, Cal. Gov't Code § 945.6 ("Section 945.6"). Dkt. 22 ("Opp. to MTD FAC") at 13. That section requires that any suit "brought against a public entity" where plaintiffs are required to present an administrative claim to the public entity before filing suit "must be commenced[,] … not later than six months after the date [] notice [of rejection] is personally delivered or deposited in the mail." Cal. Gov't Code § 945.6(a)(1). Plaintiffs argued that, because they presented a claim for damages to the United States on November 27, 2018, and because the FBI gave notice of the rejection of this claim on October 19, 2019, their lawsuit was timely because it was filed within six months of October 19, 2019. Opp. to MTD FAC at 13. Judge Marshall rejected plaintiffs' argument, finding that the California Government Torts Act did not apply to suits against individuals employed by a federal entity, as is the case here. MTD FAC Ord. at 4.

In its tentative order, the Court observed that Section 945.6 is unavailing to plaintiffs in the context of Section 1983 claims, too. The Ninth Circuit rejected precisely this argument in Silva v. Crain, 169 F.3d 608, 611 (9th Cir. 1999) ("[S]ection 945.6 [does] not apply to Section 1983 claims."). The court there made clear that, "[i]n general, state notice of claim statutes have no applicability to Section 1983 actions." Id. at 610 (citation omitted). This specifically "includes their special statutes of limitations." Id. (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

Nevertheless, because the parties did not brief the issue, the Court requested oral argument and supplemental briefing on whether the statute of limitations bars plaintiffs' Section 1983 claims.

In their supplemental briefing, plaintiffs argue that the Bivens claims and the Section 1983 claims against Monroe and Bromley relate back to when Monroe and Bromley were added to the Superior Court Lawsuit, on June 10, 2019 (17 months after the shooting), pursuant to Federal Rule of Civil Procedure 15(c) ("Rule 15(c)"). Plt Supp. Brief at 9. The thrust of plaintiffs' argument is that, although they did not allege Bivens claims or Section 1983 claims against the defendants in the Superior Court Lawsuit, "the allegations in the Fourth Cause of Action [for a violation of the Bane Act] … are the same allegations that would be made in a Federal Complaint alleging a Bivens Cause of Action." Plt Supp. Brief at 6. Accordingly, plaintiffs argue that the facts alleged to support their Bane Act claim suffice to state a Bivens claim. Id. at 7. According to plaintiffs, therefore, "a federal cause of action has been stated against Bromley and Monroe[.]" Id. Plaintiffs argue this renders the Section 1983 claims in this suit timely, too.[7] Id.

The government responds that, as a point of departure, the SAC alleges no Bivens claims because Judge Marshall dismissed those claims with prejudice for falling outside the statute of limitations. Supp. Reply at 7. Defendants note that, in opposing the previous motion to dismiss, plaintiffs did not argue that the Bivens claims related back to the Superior Court Lawsuit. Id. Furthermore, defendants argue that the SAC filed in this action is not an "amendment" to the Superior Court Complaint; rather, the Superior Court Lawsuit is a separate action "which Plaintiffs have continued to litigate on a parallel track

---

[7] Alternatively, plaintiffs argue that their federal claims, alleged in their complaint in this case, are timely because they were filed within six months of when plaintiffs received notice that their claim for damages, presented to the FBI, was rejected, on October 19, 2019. Plt Supp. Brief at 10. Although plaintiffs do not cite to Section 945.6 nor otherwise identify from where the six-month statute of limitations arises, the cases to which they do cite make clear that the six-month limit arises from Section 945.6. See Plt Supp. Brief at 10 (citing Katelaris v. Cty. of Orange, 92 Cal. App. 4th 1211 (2001) (addressing limitation imposed by Section 945.6); Glorietta Foods, Inc. v. City of San Jose, 147 Cal. App. 3d 835 (1983) (same)). Plaintiffs' argument is therefore unavailing, as discussed above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
|---|---|---|---|
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

against the LA City and LA County defendants[.]" Id. Defendants also argue that the Superior Court Complaint did not assert the same claims alleged against defendants in this action. Id. Finally, defendants note that plaintiffs did not serve Monroe and Bromley until sometime after September 15, 2020, so they were not put on notice as defendants argue is required for relation back. Id. at 8.

Rule 15(c) governs the relation back of amendments to pleadings in federal court. Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010). Under Rule 15(c), "[a]n amendment generally relates back to the original pleading filed *in the current matter in federal court*." 3 Moore's Federal Practice – Civil § 15.19 (2021) (emphasis added). "The Federal Rules of Civil Procedure contemplates the relation back of pleadings only in the context of a single proceeding." Lucchesi v. Experian Info. Sols., Inc., 226 F.R.D. 172, 174–75 (S.D.N.Y. 2005); see Rayo v. New York, 882 F.Supp. 37, 40 (N.D.N.Y. 1995) (rejecting argument that a federal civil rights complaint relates back to a similar claim in state court because the "prior [state court] proceeding[] … [is] not part of the action in question"); Bratton-Bey v. Straughan, No. CIV.A. DKC 13-1964, 2014 WL 359493, at *5 (D. Md. Jan. 31, 2014) (rejecting argument that Section 1983 claims, among others, related back to previously filed state-court proceeding; listing cases). Accordingly, under Rule 15(c), plaintiffs' claims in this case cannot relate back to the complaint in the Superior Court Lawsuit.

In certain circumstances, Rule 15(c) requires application of a state's relation-back doctrine. "Rule 15(c)(1) incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient." Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1201 (9th Cir. 2014). As such, "if an amendment relates back under the state law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not otherwise relate back under the federal rules." Id. In Section 1983 cases, "because the limitations period derives from state law, Rule 15(c)(1) requires [courts] to consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." Id. But the same is true of California's relation-back doctrine as is true of Rule 15(c): A plaintiff may not relate a complaint in one case back to a filing in a separate proceeding. Chatman v. Cty. of San Mateo, 357 F. App'x 874, 874 (9th Cir. 2009) (upholding district court's dismissal of plaintiff's Section 1983 claims as time-barred under California law, and concluding that plaintiff's "contention that the action is not time-barred because he submitted an amended complaint raising the same claims in a prior action is unpersuasive"); Gilbert v. Igbinosa, No. 115CV01352LJOSKOPC, 2015 WL 8436831, at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
|---|---|---|---|
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

\*2 (E.D. Cal. Dec. 9, 2015) (considering relation back under California law and concluding "Plaintiff may not relate his original complaint in this case back to his original or amended complaint in [a previous proceeding]"); see also Piccoli v. Piccoli, No. D065264, 2014 WL 2757518, at \*6 (Cal. Ct. App. June 18, 2014) ("Plaintiffs do not present authority supporting the proposition that a notice of related case would invoke [the relation back] doctrine[.]"). As such, whether this Court applies the federal relation-back doctrine or California's relation-back doctrine, plaintiffs' argument that their claims in this suit relate back to the Superior Court Lawsuit is unavailing, and cannot save the claims they assert here. As discussed above, plaintiffs' Section 1983 claims are therefore time-barred.[8]

Accordingly, the Court **DISMISSES** plaintiffs Section 1983 claims alleged against Monroe and Bromley, as well as the 20 unnamed FBI agents.

**B.    FTCA Claims Against the United States**

Defendants argue the FTCA claims for assault (claim one) and for negligent hiring or supervision (claim three) against the United States should be dismissed. Mot. at 18, 20.

---

[8] During oral argument at the March 22, 2021 hearing, counsel for plaintiffs asserted that Saxton v. ACF Industries, Inc., 254 F.3d 959 (11th Cir. 2001), informed a different result. However, Saxton holds simply that Rule 15(c)(1) incorporates state law relation-back rules when state law provides the statute of limitations for the claims. Id. at 960. As set forth in this order, even considering state relation-back rules, the result here remains that plaintiffs may not relate claims in this proceeding back to filings in another proceeding. Additionally, counsel for plaintiffs argued that relation back is appropriate here because the Court has concluded this case and the Superior Court Lawsuit should be consolidated. However, plaintiffs cite to no authority for this proposition, and the Court finds that the clear weight of authority holds that relation-back is inappropriate between different proceedings. Finally, although plaintiffs argue the relation-back doctrine saves their Bivens claims, the Court does not address the argument because the Bivens claims have been dismissed with prejudice. However, the Court observes that the prohibition on relating a claim back to a separate proceeding appears to apply with equal force to Bivens claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
|---|---|---|---|
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

1. Assault

Defendants argue that plaintiffs' assault claim fails because it does not allege that "FBI agents threatened to touch or harm Vahram before and apart from shooting him." Id. at 20. Defendants add that plaintiffs fail to allege "what this threat consisted of, [] apart from the act of shooting [Vahram]." Id. at 21.

Plaintiffs respond that, "by threatening to touch Vahram Kesablyan in a harmful manner, including threatening to shoot Vahram with a firearm, Plaintiffs are informed and believe that it reasonably appeared to Vahram that said Defendants were about to carry out the threat to shoot him." Opp. at 14; SAC ¶ 53.

Judge Marshall dismissed plaintiffs' assault claim against the United States because "the FAC d[id] not allege Defendants and other officers threatened to touch or harm Decedent." MTD FAC Ord. at 9.

"The elements of a civil assault under California law are: (1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed he was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." Robles v. Agreserves, Inc., 158 F. Supp. 3d 952, 985–86 (E.D. Cal. 2016) (citing So v. Shin, 212 Cal. App. 4th 652, 668–69 (2013)).

Here, plaintiffs have amended their complaint to include the allegation that FBI agents "threaten[ed] to shoot Vahram with a firearm[.]" SAC ¶ 53. Although this allegation can be interpreted as conclusory, it can also be read to mean FBI agents issued a threat to Vahram that they would use their firearms. Read this way, the allegation is sufficient to survive a motion to dismiss. Because plaintiffs have alleged the remaining elements of a claim for assault, their claim for assault shall not be dismissed.

2. Negligence

Defendants argue the Court should dismiss plaintiffs' claim for negligent hiring, training or supervision (claim three) for three reasons: it is barred by the discretionary function exception to FTCA liability; there is no special relationship alleged between defendant and Vahram, as required by California law; and the SAC does not identify any actual hiring, training or supervision practices that were negligent. Mot. at 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
|---|---|---|---|
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

Plaintiffs concede and "agree to strike … the issues of negligent hiring, training, retaining, and supervision" from the SAC. Opp. at 19.

The Court therefore **DISMISSES with prejudice** plaintiffs' third claim to the extent it is based on negligent hiring, training and supervision. Plaintiffs' claim for negligence as it relates to the use of deadly force may proceed.

    **C.**    **Leave to Amend**

Defendants argue that plaintiffs' claims should be dismissed with prejudice. Mot. at 21; Reply at 10. Defendants elaborate that "the pleading stage of this lawsuit has gone on too long," and that allowing leave to amend would be futile. Reply at 10–11. Finally, defendants note that plaintiffs do not identify any specific amendments they would make if given the chance to amend their SAC. Id. at 11.

Here, plaintiffs' Section 1983 claims alleged against Monroe and Bromley are dismissed with prejudice because plaintiffs could not allege additional facts consistent with their pleadings that would cure the deficiencies in these claims. Schreiber, 806 F.2d at 1401. As discussed above, the claims are time-barred. Furthermore, plaintiffs have had an opportunity to amend their complaint to allege facts to support the claims, but failed to do so.

    **D.**    **Consolidation of Related Cases**

In its Reply, defendants request that the Court consolidate the two cases now before this Court: the action filed directly in federal court, which is at issue here (No. 2:20-cv-01774-CAS-PLA (C.D. Cal.)), and the Superior Court Lawsuit, which has been removed to federal court a second time (No. 2:20-cv-10868-CAS-PLA (C.D. Cal.)). Defendants argue that the claims in the Superior Court Lawsuit are duplicative of the claims at issue here. Reply at 13.

The claims in the two suits do overlap. In the Superior Court Lawsuit, plaintiffs alleged claims for (1) battery pursuant to Cal. Code of Civ. Proc. § 377.70, (2) wrongful death (battery) pursuant to Cal. Code of Civ. Proc. § 377.60, (3) wrongful death (negligence), (4) violation of Cal. Civ. Code § 52.1, and (5) negligent infliction of emotional distress (bystander). Stephanyan, No. 2:20-cv-10868-CAS-PLA, dkt. 1 ("Removal"), Exh. 1 ("Sup. Ct. Compl.") ¶¶ 26–51. These overlap with the claims for (1) assault and battery, (2) wrongful death, (3) negligence, (4) violation of Cal. Civ. Code

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
|---|---|---|---|
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

§ 52.1, and (5) negligent infliction of emotional distress alleged in the instant suit. See SAC. The claims in both suits also arise from the same factual predicate.

There is also overlap between the parties in the two lawsuits, although they are not identical. In the now-removed Superior Court Lawsuit, plaintiffs Stepanyan, Kirakos and Kadzhik brought suit against defendants the County of Los Angeles, the Los Angeles Police Department, and the Los Angeles Sheriff's Department, and then added Monroe and Bromley, as discussed above. See Sup. Ct. Compl. On February 3, 2021, the United States then filed a notice of substitution for Monroe and Bromley. Stephanyan, No. 2:20-cv-10868-CAS-PLA, dkt. 9 ("Not. of Substitution").[9] Defendants contend that notice "automatically substitutes the United States as the defendant for the state law tort claims" alleged in the Superior Court Lawsuit. Reply at 12. In the instant lawsuit, plaintiffs Stepanyan, Kirakos and Kadzhik brought suit against defendants the United States, Monroe and Bromley. As of this order, the claims against Monroe and Bromley are dismissed. In sum, the United States is a defendant in both suits, the County of Los Angeles, the Los Angeles Police Department, and the Los Angeles Sheriff's Department are defendants in the Superior Court Lawsuit, and Monroe and Bromley are not parties to either suit.

Because defendants first raised their request to consolidate the two cases in their Reply, plaintiffs had no opportunity to respond. The Court therefore requested supplemental briefing on the issue. Plaintiffs' supplemental brief did not address the question of consolidation of the cases. Defendants maintained consolidation would be efficient. Def. Supp. Brief at 10.

The Court concludes that the cases should be consolidated. The actions arise from the same series of events. They involve the same plaintiffs, and a common defendant, the

---

[9] On January 12, 2021, defendants filed an initial notice of substitution, dkt. 30, apparently intended to be filed in the removed Superior Court Lawsuit, which the Clerk of Court docketed in this case, Reply at 12; see dkt. 30 (not. of substitution) at 2 (referencing "Anait Stepanyan et al. v. County of Los Angeles et al., originally filed as Case No. 19STCV01385 in the Superior Court for the State of California, Los Angeles County, which has been removed and docketed as Case No. 2:20-cv-10868 CAS (PLAx) (C.D. Cal.)").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:20-CV-01774-CAS-PLAx | Date | March 22, 2021 |
|---|---|---|---|
| Title | ANAIT STEPANYAN v. UNITED STATES OF AMERICA, ET AL. | | |

United States. The claims alleged in each action also substantially overlap. There appears to be no principled reason to try the cases separately.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part** defendants' motion and **DISMISSES with prejudice** plaintiffs' Section 1983 claims alleged against Monroe and Bromley (claims six, seven, eight and nine), and **DISMISSES with prejudice** plaintiffs' negligence claim against the United States to the extent it is premised on negligent hiring, training or supervision (claim three). The Court further consolidates the cases numbered No. 2:20-cv-10868-CAS-PLAx (C.D. Cal.) and No. 2:20-cv-01774-CAS-PLAx (C.D. Cal).

IT IS SO ORDERED.

Initials of Preparer     00 : 20
                 CMJ