E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
DANIEL A. BECK (Cal. Bar No. 204496)
JOSEPH W. TURSI (Cal. Bar No. 300063)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2574 | 3989
    Facsimile: (213) 894-7819
    E-mail: Daniel.Beck@usdoj.gov
          Joseph.Tursi@usdoj.gov

Attorneys for Defendant
The United States of America

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ANAIT STEPANYAN, KIRAKOS KESABLYAN, and KADZHIK KESABLYAN, individuals and heirs of Decedent VAHRAM KESABLYAN; and ANAIT STEPANYAN as Successor in Interest to VAHRAM KESABLYAN, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. 2:20-cv-01774 CAS (PLAx) <br> No. 2:20-cv-10868 CAS (PLAx) <br> Consolidated <br><br> **DECLARATION OF DANIEL A. BECK IN SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE PLAINTIFFS' CLAIMS OF ECONOMIC DAMAGES** |

1

## DECLARATION OF DANIEL A. BECK

I, Daniel A. Beck, declare as follows:

1.      I am an Assistant United States Attorney in the Civil Division of the United States Attorney's Office for the Central District of California, and I am one of the attorneys representing the United States as the Defendant in this action. I have personal knowledge of the following facts, and if called upon, I would truthfully testify as set forth below.

2.      After Magistrate Judge Abrams issued an order granting the United States' motion to compel [Dkt. 63], the Plaintiffs produced 83 additional pages of documents, consisting of 80 pages of 2019-2021 tax returns for a business called "LA Luxury Rides, Inc.," and another business called "On-Time Towing & Impound Yard, Inc,." along with three photographs of a truck. No tax returns for Vahram Kesablyan, Anait Stepanyan, or Vahram's business were produced. In total, the Plaintiffs produced 97 pages of documents in response to the Defendant's document requests.

3.      The only expert testimony that Plaintiffs disclosed in this action was from their police practices expert, Charles P. Stephenson. Plaintiffs did not produce any expert calculations of economic or financial loss.

4.      Exhibit 1 to this declaration is a true and correct copy of the Amended Initial Disclosures that Plaintiffs served in this action on January 31, 2022.

5.      Exhibit 2 to this declaration is a true and correct copy of excerpts from the second supplemental interrogatory responses of Plaintiff Anait Stepanyan.

6.      Exhibit 3 to this declaration is a true and correct copy of excerpts from the second supplemental interrogatory responses of Plaintiff Kirakos Kesablyan.

7.      Exhibit 4 to this declaration is a true and correct copy of excerpts from the second supplemental interrogatory responses of Plaintiff Kadzhik Kesablyan.

8.      Exhibit 5 to this declaration is a true and correct copy of a printout that I generated on June 12, 2023 of the status report for license #839010 on the "check license" page of California's Contractors State License Board website, available at

https://www.cslb.ca.gov/onlineservices/checklicenseII/checklicense.aspx. The status report states that license number #839010 was issued for Mikes Custom Marble on May 24, 2004, and that this contractor's license expired on May 31, 2012. The license status is identified as "This license is revoked and not able to contract at this time."

9.      Exhibit 6 to this declaration is a true and correct copy of citation no. 22011-2183 from the Contractors State License Board, dated April 13, 2012, which was sent to Mikes Custom Marble, license no. 839010.

10.      Exhibit 7 to this declaration is a true and correct copy of a Citation Violation Disclosure for Vahram Kesablyan's business, Mikes Custom Marble, which is available on the public Contractors State License Board webpage, and which I printed out on July 31, 2023. As set forth in that citation disclosure, on July 1, 2013, Vahram was cited and his contractor's license was revoked for failing to secure worker's compensation coverage for employees and for contracting with an expired license.

11.      Exhibit 8 to this declaration is a true and correct copy of excerpts from the transcript of the October 13, 2022 deposition of Plaintiff Anait Stepanyan.

12.      Exhibit 9 to this declaration is a true and correct copy of a medical note from Dr. Stephen J. Forman dated July 21, 2016, which was produced to Defendant pursuant to subpoena in this action.

13.      Exhibit 10 to this declaration is a true and correct copy of a medical note from Dr. Stephen J. Forman dated February 17, 2017, which was produced to Defendant pursuant to subpoena in this action.

14.      Exhibit 11 to this declaration is a true and correct copy of excerpts from the transcript of the April 19, 2023 deposition of Dr. Stephen J. Forman.

15.      Exhibit 12 to this declaration is a true and correct copy of a January 5, 2018 Nursing Note regarding Vahram Kesablyan, which was produced to Defendant pursuant to a subpoena in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of July, 2023.

_____/s/ Daniel A. Beck_____
Daniel A. Beck

EXHIBIT 1

Victor L. George, State Bar No. 110504
Norman W. Coe, State Bar No. 125391
Meylin P. Alfaro, State Bar No. 315177
LAW OFFICES OF VICTOR L. GEORGE
20355 Hawthorne Blvd., First Floor
Torrance, California 90503
Telephone:   (310) 698-0990
Facsimile:   (310) 698-0995
E-mail:       vgeorge@vgeorgelaw.com
              malfaro@vgeorgelaw.com

Attorneys for Plaintiffs,
ANAIT STEPANYAN, KIRAKOS KESABLYAN, and KADZHIK
KESABLYAN, individuals and heirs of Decedent VAHRAM KESABLYAN; and
ANAIT STEPANYAN as Successor in Interest to VAHRAM KESABLYAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAIT STEPANYAN, KIRAKOS KESABLYAN, and KADZHIK KESABLYAN, individuals and heirs of Decedent VAHRAM KESABLYAN; and ANAIT STEPANYAN as Successor in Interest to VAHRAM KESABLYAN, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA; F.B.I. AGENT HANNAH MARIE MONROE; F.B.I. AGENT BROMLEY RENAE; TWENTY UNKNOWN F.B.I. AGENTS; and DOES 1-100, inclusive, <br><br> Defendants. | CASE NO. 2:20-cv-01774-CAS (PLAx) <br> CASE NO. 2:20-cv-10868-CAS(PLAx) <br><br> Hon. Christina A. Snyder <br> United States District Judge <br><br> **PLAINTIFFS' AMENDED RULE 26 (a) (1) INITIAL DISCLOSURES** |

Plaintiffs ANAIT STEPANYAN, KIRAKOS KESABLYAN, and KADZHIK KESABLYAN, make the following initial disclosures in accordance with Rule 26 (a) of the Federal Rules of Civil Procedure.

These disclosures are based on facts and documents currently known and reasonably available to Plaintiffs as of the date of these disclosures and are complete as to the parties' best knowledge at this time. Plaintiffs reserve the right to supplement or amend these disclosures as other information becomes known and/or available as permitted by the applicable rules.

## I.   Rule 26(a)1(A):  Witnesses

Individuals likely to have discoverable information that Plaintiff may use to support its claims and/or defenses include:

A.   ANAIT STEPANYAN -  Plaintiff will testify about the nature of her claims, as well as damages caused.

B.   KIRAKOS KESABLYAN -  Plaintiff will testify about the nature of his claims, as well as damages caused.

C.   KADZHIK KESABLYAN -  Plaintiff will testify about the nature of his claims, as well as damages caused.

D.   Leah Kesablyan – Witness will testify about the day the incident took place and what she saw as a percipient witness. Witness is a minor and can be contacted through Plaintiffs' counsel.

E.   Mila Kesablyan – Witness will testify about the day the incident took place and what she saw as a percipient witness. Witness is a minor and can be contacted through Plaintiffs' counsel.

F.   Ani Khachikyan – Witness will testify about the day the incident took place and what she saw as a percipient witness. Witness is a minor and can be contacted through Plaintiffs' counsel.

## II.   DOCUMENTS

A.   Search and Seizure Warrant;

**B.** Criminal Complaint No. 2:18-mj-00030-DUTY;

**C.** Evidence collected item log;

**D.** Pictures from the date of the killing and warrant execution;

**E.** FBI Interview Report;

**F.** Death Certificate;

**G.** Marriage certificate od decedent; and

**H.** Pictures of decedent before his death;

**III.  DAMAGES**

Plaintiffs will seek damages for the loss of their father and husband. Plaintiffs will retain an expert to calculate Plaintiffs' damages.

**IV.  SUPPLEMENTS**

Plaintiffs reserve the right to supplement or amend these disclosures as other information becomes known and/or available as permitted by the applicable rules.

DATED:  January  31, 2022        **LAW OFFICES OF VICTOR L. GEORGE**

By:_      /s/ Meylin P. Alfaro
VICTOR L. GEORGE
MEYLIN P. ALFARO
Attorneys for Plaintiffs

**PLAINTIFF'S RULE 26 (a) (1) INITIAL DISCLOSURES**

**PROOF OF SERVICE**

CASE NO. 2:20-cv-01774-CAS (PLAx)

CASE NO. 2:20-cv-10868-CAS(PLAx)

STATE OF CALIFORNIA        )
                                                    )        ss.
COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 20355 Hawthorne Boulevard, First Floor, Torrance, CA 90503.

    On January 31, 2022, I served the foregoing document(s) described as **PLAINTIFFS' AMENDED RULE 26 (a) (1) INITIAL DISCLOSURES**, on the interested party(ies) in this action by placing:

[X]    a true copy
[ ]    the original

| | |
|---|---|
| TRACY L. WILKISON<br>DANIEL A. BECK<br>Federal Building, Suite 7516<br>300 North Los Angeles Street \| Los Angeles, CA 90012<br>Email: daniel.beck@usdoj.gov<br>***Attorneys for Defendant USA*** | MICHAEL N. FEUER<br>SUREKHA A. SHEPHERD<br>200 North Main Street, 6th Floor, City Hall East \| Los Angeles, California 90012<br>Email: surekha.shepherd@lacity.org<br>***Attorneys for Defendant City of Los Angeles*** |

**[X]    (BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Torrance, California.  The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    (BY ELECTRONIC TRANSMISSION) PER DEFENSE COUNSEL'S REQUEST.** By emailing the document(s) to the persons at the e-mail address(es) on this Proof of Service. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 31, 2022, at Torrance, California.

*Gabriela Gutierrez*
Gabriela Gutierrez

**PROOF OF SERVICE**

EXHIBIT 2

1  Victor L. George, State Bar No. 110504
   Meylin P. Alfaro, State Bar No. 315177
2  LAW OFFICES OF VICTOR L. GEORGE
3  20355 Hawthorne Blvd., First Floor
   Torrance, California 90503
4  Telephone:    (310) 698-0990
   Facsimile:    (310) 698-0995
5  E-mail:       vgeorge@vgeorgelaw.com
6                malfaro@vgeorgelaw.com

7  Attorneys for Plaintiffs,
   ANAIT STEPANYAN,  KIRAKOS KESABLYAN, and KADZHIK KESABLYAN,
8  individuals and heirs of Decedent VAHRAM KESABLYAN; and ANAIT STEPANYAN as
9  Successor in Interest to VAHRAM KESABLYAN

10              UNITED STATES DISTRICT COURT
          FOR THE CENTRAL DISTRICT OF CALIFORNIA
11                   WESTERN DIVISION

12
   ANAIT STEPANYAN,  KIRAKOS          No. 2:20-cv-01774 CAS (PLAx) and
13 KESABLYAN, and KADZHIK KESABLYAN,  No. 2:20-cv-10868 CAS (PLAx)
   individuals and heirs of Decedent VAHRAM
14 KESABLYAN; and ANAIT STEPANYAN as
15 Successor in Interest to VAHRAM     PLAINTIFF ANAHIT STEPANYAN'S
   KESABLYAN,                          SECOND SUPPLEMENTAL RESPONSE
16                                     TO DEFENDANT THE UNITED STATES
                                       OF AMERICA'S FIRST SET OF
17                                     INTERROGATORIES
              Plaintiffs,
18
19    v.

20

21 COUNTY OF LOS ANGELES,
   LOS ANGELES POLICE DEPARTMENT, LOS
22 ANGELES COUNTY SHERIFF'S
23 DEPARTMENT, and DOES 1-100, inclusive,
                                       Complaint filed:  January 8, 2019
24                                     Trial Date:       None Set.
              Defendants.
25

26

27 **PROPOUNDING PARTY:**        Defendant, THE UNITED STATES OF AMERICA

28 **RESPONDING PARTY:**         Plaintiff, ANAHIT STEPANYAN

29 **SET NO.:**                  ONE (1)

30
                                      1
   **PLAINTIFF ANAHIT STEPANYAN'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT THE
                UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES**

1    for her depression, anxiety, and sadness in the form of therapy and medication. Responding party

2    will provide this information when and if the aforementioned natural persons or organizations

3    provide the information requested by requesting party. Discovery is ongoing and Plaintiff reserves

4    the right to supplement this response.

5    **INTERROGATORY NO. 6:**

6         If You claim to have suffered any loss of wages, income, benefits, or decreased earning

7    capacity as a result of the Incident, and are claiming such loss as an item of damage in this

8    lawsuit, please state the time period during which You claim You were unable to work or

9    otherwise suffered lost wages, income, benefits or earning capacity; the amount claimed as

10   damages in this lawsuit; and the method by which You calculated the amount.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

12        Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague,

13   ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections,

14   responding party responds as follows: A diligent search and a reasonable inquiry have been

15   conducted in an attempt to locate and identify documents responsive to this request. At this time,

16   responding party is not in possession of documents and/or items which are responsive to this

17   request. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

18   **SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 8:**

19        Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague,

20   ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections,

21   responding party responds as follows: Yes, as decedent was the sole provider of plaintiff.

22   Decedent made anywhere from $600,000.00 per year to $1,500,000.00 per year. Discovery is

23   ongoing and Plaintiff reserves the right to supplement this response.

24   **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 8:**

25        Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague,

26   ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections,

27   responding party responds as follows: Yes, as decedent was the sole provider of plaintiff and

28   responding party did not work. Decedent made anywhere from $600,000.00 per year to

29   $1,500,000.00 per year. These amounts were calculated using estimates based on what decedent

30

8

**PLAINTIFF ANAHIT STEPANYAN'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT THE UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES**

informed Plaintiff he made. To the extent that decedent would have lived, he would have been making about the same amount of income. Viken L. Yepremian Accounting, 6222 N. First St., Fresno, CA 93710 was decedent's tax preparer and would have such records but has indicated that they have no records for taxes done for decedent. Responding party has made a reasonable and good faith effort to obtain the information requested. The Internal revenue Service might also have the requested documents in this category. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 7:**

If You anticipate that You will be unable to work or will suffer lost wages, income or benefits in the future as a result of the Incident, state the amount of damage You are claiming for same and describe how You calculated such amount.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: A diligent search and a reasonable inquiry have been conducted in an attempt to locate and identify documents responsive to this request. At this time, responding party is not in possession of documents and/or items which are responsive to this request. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 9:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows:  Yes, as decedent was the sole provider of plaintiff. Decedent made anywhere from $600,000.00 per year to $1,500,000.00 per year. Exact amount is unknown at this moment but can be determined by experts. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 9:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows:  Yes, as decedent was the sole provider of plaintiff and

**PLAINTIFF ANAHIT STEPANYAN'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT THE UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES**

responding party did not work. Decedent made anywhere from $600,000.00 per year to $1,500,000.00 per year. These amounts were calculated using estimates based on what decedent informed Plaintiff he made. To the extent that decedent would have lived, he would have been making about the same amount of income. Viken L. Yepremian Accounting, 6222 N. First St., Fresno, CA 93710 was decedent's tax preparer and would have such records but has indicated that they have no records for taxes done for decedent. Responding party has made a reasonable and good faith effort to obtain the information requested. The Internal revenue Service might also have the requested documents in this category. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 8:**

If You claim to have suffered, or that You will in the future suffer, any monetary loss or damage aside from medical expenses and/or loss of income, please describe such damage and state the amount claimed and how such amount was calculated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: A diligent search and a reasonable inquiry have been conducted in an attempt to locate and identify documents responsive to this request. At this time, responding party is not in possession of documents and/or items which are responsive to this request. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 10:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: Funeral and viewing costs in an amount to be determined. Also, Plaintiff did not work and relied entirely on decedent for income and living expenses. Yes, as decedent was the sole provider of plaintiff. Decedent made anywhere from $600,000.00 per year to $1,500,000.00 per year. Exact amount is unknown at this moment but can be determined by experts. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

///

**PLAINTIFF ANAHIT STEPANYAN'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT THE
UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES**

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 10:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: Funeral, viewing, and burial costs in an amount of about $28,200.00 ($7,200 for services and $21,000.00 for the grave). Responding party has made a reasonable and good faith effort to obtain the information requested and is producing tax returns used to make this calculation. Exact amount is unknown at this moment but can be determined by experts. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

DATED:  August 10, 2022          **LAW OFFICES OF VICTOR L. GEORGE**

By:   _____
VICTOR L. GEORGE
MEYLIN P. ALFARO
Attorneys for Plaintiffs
ANAIT STEPANYAN,  KIRAKOS
KESABLYAN, and KADZHIK KESABLYAN,
individuals and heirs of Decedent VAHRAM
KESABLYAN; and ANAIT STEPANYAN as
Successor in Interest to VAHRAM KESABLYAN

**PLAINTIFF ANAHIT STEPANYAN'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT THE
UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES**

## **VERIFICATION**

I, Anahit Stepanyan, pursuant to 28 U.S.C. § 1746, verify and state that:

My responses to Defendant United States of America's Special Interrogatories are true and correct to the best of my knowledge and are based on information within my personal knowledge.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of August, 2022.

Anahit Stepanyan
Name

Anahit Stepanyan (Aug 10, 2022 14:51 PDT)
Signature

EXHIBIT 3

Victor L. George, State Bar No. 110504
Meylin P. Alfaro, State Bar No. 315177
LAW OFFICES OF VICTOR L. GEORGE
20355 Hawthorne Blvd., First Floor
Torrance, California 90503
Telephone:     (310) 698-0990
Facsimile:      (310) 698-0995
E-mail:         vgeorge@vgeorgelaw.com
                malfaro@vgeorgelaw.com

Attorneys for Plaintiffs,
ANAIT STEPANYAN,  KIRAKOS KESABLYAN, and KADZHIK KESABLYAN,
individuals and heirs of Decedent VAHRAM KESABLYAN; and ANAIT STEPANYAN as
Successor in Interest to VAHRAM KESABLYAN

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ANAIT STEPANYAN,  KIRAKOS KESABLYAN, and KADZHIK KESABLYAN, individuals and heirs of Decedent VAHRAM KESABLYAN; and ANAIT STEPANYAN as Successor in Interest to VAHRAM KESABLYAN, | No. 2:20-cv-01774 CAS (PLAx) and No. 2:20-cv-10868 CAS (PLAx) |
| Plaintiffs, | **PLAINTIFF KIRAKOS KESABLYAN'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT THE UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES** |
| v. | |
| COUNTY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and DOES 1-100, inclusive, | |
| Defendants. | Complaint filed:   January 8, 2019<br>Trial Date:          None Set. |

**PROPOUNDING PARTY:**          Defendant, THE UNITED STATES OF AMERICA

**RESPONDING PARTY:**            Plaintiff, KIRAKOS KESABLYAN

**SET NO.:**                                ONE (1)

1

conducted in an attempt to locate and identify documents responsive to this request. At this time, responding party is not in possession of documents and/or items which are responsive to this request. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: None. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: Primary Health Doctor Dr. Arman Ossia has indicated that responding party will need continuing care and medication. Discovery is continuing as to the medical and psychological treatment, monitoring and/or medication. Responding party has made a reasonable and good faith effort to obtain any additional information as requested by inquiry to other natural persons or organizations, but was not able to obtain the information and it is unknown at this time, but can be determined by experts. Responding party will provide this information when and if the aforementioned natural persons or organizations provide the information requested by requesting party. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 6:**

If You claim to have suffered any loss of wages, income, benefits, or decreased earning capacity as a result of the Incident, and are claiming such loss as an item of damage in this lawsuit, please state the time period during which You claim You were unable to work or otherwise suffered lost wages, income, benefits or earning capacity; the amount claimed as damages in this lawsuit; and the method by which You calculated the amount.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections,

responding party responds as follows: A diligent search and a reasonable inquiry have been conducted in an attempt to locate and identify documents responsive to this request. At this time, responding party is not in possession of documents and/or items which are responsive to this request. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 8:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: Yes, lost approximately $300,000.00 or more per year for the past 4 years since the incident due to loss of business due to mourning. Exact amounts to be determined by experts. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 8:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: Yes, lost approximately $300,000.00 or more per year for the past 4 years since the incident due to loss of business due to mourning. These amounts were calculated using recollection of money made. Responding party has made a reasonable and good faith effort to obtain the information requested and is producing tax returns for business he runs with his brother who is also a Plaintiff in this action, bate stamped KESABLYAN 15-KSEBKYAN 94. Exact amount is unknown at this moment but can be determined by experts. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 7:**

If You anticipate that You will be unable to work or will suffer lost wages, income or benefits in the future as a result of the Incident, state the amount of damage You are claiming for same and describe how You calculated such amount.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: A diligent search and a reasonable inquiry have been conducted in an attempt to locate and identify documents responsive to this request. At this time,

responding party is not in possession of documents and/or items which are responsive to this request. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 9:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: To be determined by an expert, if any. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 9:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: Yes, lost approximately $300,000.00 or more per year for the past 4 years since the incident due to loss of business due to mourning and possible loss in the future due to future treatment needed as a result of this incident. These amounts were calculated using recollection of money made. Responding party has made a reasonable and good faith effort to obtain the information requested and is producing tax returns for business he runs with his brother who is also a Plaintiff in this action, bate stamped KESABLYAN 15- KSEBKYAN 94. Exact amount is unknown at this moment but can be determined by experts. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 8:**

If You claim to have suffered, or that You will in the future suffer, any monetary loss or damage aside from medical expenses and/or loss of income, please describe such damage and state the amount claimed and how such amount was calculated.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: A diligent search and a reasonable inquiry have been conducted in an attempt to locate and identify documents responsive to this request. At this time, responding party is not in possession of documents and/or items which are responsive to this request. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 10:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: Yes: if any, in an amount to be determine by experts. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 10:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: Funeral, viewing, and burial costs in an amount of about $28,200.00 ($7,200 for services and $21,000.00 for the grave). Responding party has made a reasonable and good faith effort to obtain the information requested and is producing tax returns used to make this calculation. Exact amount is unknown at this moment but can be determined by experts. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 9:**

Describe in detail everything that You witnessed on January 8, 2018 relating to the shooting of Vahram Kesablyan, including exactly what You heard and saw of the Incident, exactly when You heard and saw it, and exactly where You were located physically at the time relative to Vahram and the vehicle he was sitting in.

**RESPONSE TO INTERROGATORIES NO. 16:**

Objection. Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: A diligent search and a reasonable inquiry have been conducted in an attempt to locate and identify information responsive to this request. At this time, responding party is not in possession of information and/or items which are responsive to this request. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 16:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: Defendants, their agents, officers, and employees raised

**PLAINTIFF KIRAKOS KESABLYAN'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT
THE UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES**

their weapons, pointed them at the decedent as he watched them do so, and then fired their weapons at the decedent wounding and killing him.  Plaintiff was present at the time of the incident. Plaintiff saw that decedent abided by the commands of the officers present and posed no threats to those officers in any matter.  Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 16:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: Based on what respondent saw on the morning of January 8, 2018, Plaintiff is informed and believes that Defendants, their agents, officers, and employees raised their weapons, pointed them at the decedent as he watched them do so through the surveillance cameras in his home, and then fired their weapons at the decedent wounding and killing him. Responding party was heading out of his house to tend to his father when he was handcuffed. As responding party was placed in handcuffs and walked out of his house, responding party observed his father, decedent, dying.  Responding party is informed and believes that decedent abided by the commands of the officers present and posed no threats to those officers in any matter. Responding party saw the shooting of the decedent unveil and saw that the decedent posed no threat to the officers present.  Discovery is ongoing and Plaintiff reserves the right to supplement this response.

DATED:  August 10, 2022          **LAW OFFICES OF VICTOR L. GEORGE**


By:  _____
     VICTOR L. GEORGE
     MEYLIN P. ALFARO
     Attorneys for Plaintiffs
     ANAIT STEPANYAN,  KIRAKOS
     KESABLYAN, and KADZHIK KESABLYAN,
     individuals and heirs of Decedent VAHRAM
     KESABLYAN; and ANAIT STEPANYAN as
     Successor in Interest to VAHRAM KESABLYAN

**PLAINTIFF KIRAKOS KESABLYAN'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT THE UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES**

## **VERIFICATION**

I, Kirakos Kesablyan, pursuant to 28 U.S.C. § 1746, verify and state that:

My responses to Defendant United States of America's Special Interrogatories are true and correct to the best of my knowledge and are based on information within my personal knowledge.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of August, 2022.

    Kirakos Kesablyan

Name

Kirakos Kesablyan (Aug 10, 2022 18:01 PDT)

Signature

EXHIBIT 4

Victor L. George, State Bar No. 110504
Meylin P. Alfaro, State Bar No. 315177
LAW OFFICES OF VICTOR L. GEORGE
20355 Hawthorne Blvd., First Floor
Torrance, California 90503
Telephone:     (310) 698-0990
Facsimile:      (310) 698-0995
E-mail:         vgeorge@vgeorgelaw.com
                malfaro@vgeorgelaw.com

Attorneys for Plaintiffs,
ANAIT STEPANYAN,  KIRAKOS KESABLYAN, and KADZHIK KESABLYAN,
individuals and heirs of Decedent VAHRAM KESABLYAN; and ANAIT STEPANYAN as
Successor in Interest to VAHRAM KESABLYAN

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ANAIT STEPANYAN,  KIRAKOS KESABLYAN, and KADZHIK KESABLYAN, individuals and heirs of Decedent VAHRAM KESABLYAN; and ANAIT STEPANYAN as Successor in Interest to VAHRAM KESABLYAN, <br><br> Plaintiffs, <br><br> v. <br><br><br> COUNTY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and DOES 1-100, inclusive, <br><br> Defendants. | No. 2:20-cv-01774 CAS (PLAx) and No. 2:20-cv-10868 CAS (PLAx) <br><br> **PLAINTIFF KADZHIK KESABLYAN'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT THE UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES** <br><br><br><br><br> Complaint filed:   January 8, 2019 <br> Trial Date:          None Set. |

**PROPOUNDING PARTY:**         Defendant, THE UNITED STATES OF AMERICA

**RESPONDING PARTY:**          Plaintiff, KADZHIK KESABLYAN

**SET NO.:**                         ONE (1)

1

result of this incident. Responding party has made a reasonable and good faith effort to obtain the information requested, but was not able to obtain the information because this information does not exist. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 6:**

If You claim to have suffered any loss of wages, income, benefits, or decreased earning capacity as a result of the Incident, and are claiming such loss as an item of damage in this lawsuit, please state the time period during which You claim You were unable to work or otherwise suffered lost wages, income, benefits or earning capacity; the amount claimed as damages in this lawsuit; and the method by which You calculated the amount.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: A diligent search and a reasonable inquiry have been conducted in an attempt to locate and identify documents responsive to this request. At this time, responding party is not in possession of documents and/or items which are responsive to this request. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 8:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: Yes, lost approximately $300,000.00 or more per year for the past 4 years since the incident due to loss of business due to mourning. Exact amounts to be determined by experts. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 8:**

Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections, responding party responds as follows: Yes, lost approximately $300,000.00 or more per year for the past 4 years since the incident due to loss of business due to mourning. These amounts were calculated using recollection of money made. Responding party has made a reasonable and good faith effort to obtain the information requested and is producing tax returns for business he runs

1   with his brother who is also a Plaintiff in this action, bate stamped KESABLYAN 15-

2   KSEBKYAN 94. Exact amount is unknown at this moment but can be determined by experts.

3   Discovery is ongoing and Plaintiff reserves the right to supplement this response.

4   **INTERROGATORY NO. 7:**

5        If You anticipate that You will be unable to work or will suffer lost wages, income or

6   benefits in the future as a result of the Incident, state the amount of damage You are claiming

7   for same and describe how You calculated such amount.

8   **RESPONSE TO INTERROGATORY NO. 9:**

9        Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague,

10  ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections,

11  responding party responds as follows: A diligent search and a reasonable inquiry have been

12  conducted in an attempt to locate and identify documents responsive to this request. At this time,

13  responding party is not in possession of documents and/or items which are responsive to this

14  request. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

15  **SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 9:**

16  Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous,

17  calls for speculation, and calls for expert opinion. Without waiving said objections, responding

18  party responds as follows: To be determined by an expert, if any. Discovery is ongoing and

19  Plaintiff reserves the right to supplement this response.

20  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 9:**

21       Objection.  Plaintiff objects to this request on the grounds that it is overbroad, vague,

22  ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections,

23  responding party responds as follows: Yes, lost approximately $300,000.00 or more per year for

24  the past 4 years since the incident due to loss of business due to mourning and possible loss in the

25  future due to future treatment needed as a result of this incident. These amounts were calculated

26  using recollection of money made. Responding party has made a reasonable and good faith effort

27  to obtain the information requested and is producing tax returns for business he runs with his

28  brother who is also a Plaintiff in this action, bate stamped KESABLYAN 15- KSEBKYAN 94.

29  Exact amount is unknown at this moment but can be determined by experts. Discovery is ongoing

30

**PLAINTIFF KADZHIK KESABLYAN'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT THE UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES**

1    and Plaintiff reserves the right to supplement this response.

2    **INTERROGATORY NO. 8:**

3        If You claim to have suffered, or that You will in the future suffer, any monetary loss or

4    damage aside from medical expenses and/or loss of income, please describe such damage and

5    state the amount claimed and how such amount was calculated.

6    **RESPONSE TO INTERROGATORY NO. 10:**

7        Objection. Plaintiff objects to this request on the grounds that it is overbroad, vague,

8    ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections,

9    responding party responds as follows: A diligent search and a reasonable inquiry have been

10    conducted in an attempt to locate and identify documents responsive to this request. At this time,

11    responding party is not in possession of documents and/or items which are responsive to this

12    request. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

13    **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORIES NO. 10:**

14        Objection. Plaintiff objects to this request on the grounds that it is overbroad, vague,

15    ambiguous, calls for speculation, and calls for expert opinion. Without waiving said objections,

16    responding party responds as follows: Funeral, viewing, and burial costs in an amount of about

17    $28,200.00 ($7,200 for services and $21,000.00 for the grave). Responding party has made a

18    reasonable and good faith effort to obtain the information requested and is producing tax returns

19    used to make this calculation. Exact amount is unknown at this moment but can be determined by

20    experts. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

21

22    DATED: August 10, 2022        **LAW OFFICES OF VICTOR L. GEORGE**

23

24

25        By:    _____

26            VICTOR L. GEORGE
           MEYLIN P. ALFARO

27            Attorneys for Plaintiffs
           ANAIT STEPANYAN, KIRAKOS

28            KESABLYAN, and KADZHIK KESABLYAN,
           individuals and heirs of Decedent VAHRAM

29            KESABLYAN; and ANAIT STEPANYAN as
           Successor in Interest to VAHRAM KESABLYAN

30

**PLAINTIFF KADZHIK KESABLYAN'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT THE UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES**

## <u>VERIFICATION</u>

I, Kadzhik Kesablyan, pursuant to 28 U.S.C. § 1746, verify and state that:

     My responses to Defendant United States of America's Special Interrogatories are true and correct to the best of my knowledge and are based on information either within my personal knowledge.

     I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of August, 2022.

     __Kadzhik Kesablyan__

Name

*Kadzhik kesablyan (Aug 10, 2022 14:50 PDT)*

Signature

EXHIBIT 5



Home    **CONTRACTORS STATE LICENSE BOARD**

# ⬇Contractor's License Detail for License # 839010

**DISCLAIMER: A license status check provides information taken from the CSLB license database. Before relying on this information, you should be aware of the following limitations.**

- CSLB complaint disclosure is restricted by law (B&P 7124.6) If this entity is subject to public complaint disclosure click on link that will appear below for more information. Click here for a definition of disclosable actions.

- Only construction related civil judgments reported to CSLB are disclosed (B&P 7071.17).

- Arbitrations are not listed unless the contractor fails to comply with the terms.

- Due to workload, there may be relevant information that has not yet been entered into the board's license database.

Data current as of 6/12/2023 12:20:57 PM

### Business Information

MIKES CUSTOM MARBLE
4642 N BENDEL AVE
FRESNO, CA 93722
Business Phone Number:(559) 287-1188

| | |
|---|---|
| **Entity** | Sole Ownership |
| **Issue Date** | 05/31/2004 |
| **Expire Date** | 05/31/2012 |

### License Status

**This license is revoked and not able to contract at this time.**

**Additional Status**

- The license was revoked after expiration.

### There is Complaint Disclosure information for this license.

### Classifications

C54 - TILE (CERAMIC AND MOSAIC)

### Bonding Information

**Contractor's Bond**
This license filed a Contractor's Bond with AMERICAN CONTRACTORS INDEMNITY COMPANY.
**Bond Number:** 100187500
**Bond Amount:** $12,500
**Effective Date:** 02/13/2012
**Cancellation Date:** 03/15/2013
Contractor's Bond History

### Workers' Compensation

This license has workers compensation insurance with the WILLIAMSBURG NATIONAL INSURANCE COMPANY
**Policy Number:** WC0724841
**Effective Date:** 03/15/2012
**Expire Date:** 03/15/2013
Workers' Compensation History

Back to Top    Conditions of Use    Privacy Policy    Accessibility    Accessibility Certification

Copyright © 2023 State of California

EXHIBIT 6

 **CONTRACTORS STATE LICENSE BOARD**

Case Management Norwalk
12501 East Imperial Hwy, Suite 600
Norwalk, CA 90650
562-345-7650
www.cslb.ca.gov

STATE OF CALIFORNIA
Governor Edmund G. Brown Jr.

MIKES CUSTOM MARBLE
4642 N BENDEL AVE
FRESNO, CA  93722

**CITATION NO:**  2 2011 2183
**DATE:**  07/04/2013
**LICENSE:**  839010

---

### NOTICE OF REVOKED LICENSE
### Business & Professions Code Section 7090.1

---

Dear Licensee:

**YOUR LICENSE HAS BEEN REVOKED** effective July  1, 2013 for failure to comply with Citation Number 2 2011 2183.

You cannot reapply for a license for at least one year from the date of revocation.  At that time, you will have to comply with the citation and file a disciplinary bond or cash deposit pursuant to Business and Professions Code 7071.8 in an amount to be determined upon reapplication.

Citation Enforcement Section

13S-5  (Rev. 04/2013)

EXHIBIT 7

Home | Online Services | License Detail | Complaint Disclosure | Citation Violation Disclosure

# Citation Violation Disclosure

| | |
|---|---|
| **License Number** | 839010 |
| **Contractor Name** | MIKES CUSTOM MARBLE |
| **Citation #** | 2 2011 2183 |
| **Date** | 07/01/2013 |
| **Status** | NON-COMPLIANCE - LICENSE REVOKED PER 7090.1 |

## Violations

| | |
|---|---|
| **CODE** | Business & Professions Code |
| **VIOLATION** | 7125.4A |
| **DESCRIPTION** | Failed to secure Workers Comp coverage for employees |
| **CODE** | Business & Professions Code |
| **VIOLATION** | 7117.5C |
| **DESCRIPTION** | Contracted with expired license |

Back to Top   Conditions of Use   Privacy Policy   Accessibility   Accessibility Certification

Copyright © 2023 State of California

EXHIBIT 8

# *In The Matter Of:*

### *Anait Stepanyan*
### *v.*
### *United States of America*

_____

### *Anait Stepanyan VOL I*

### *October 13, 2022*

_____



17835 Ventura Blvd. Suite 310 Encino, CA 91316
P 888.272.0022 F 818.343.7119
www.benhyatt.com

BH CDR Job # **1146831**
number of pages 113

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

```
_____
                               )
ANAIT STEPANYAN, KIRAKOS       )
KESABLYAN, and KADZHIK         )
KESABLYAN, individuals and     )
heirs of Decedent VAHRAM       )
KESABLYAN; and ANAIT STEPANYAN )
as Successor in Interest to    )
VAHRAM KESABLYAN,              )
                               )
            Plaintiffs,        )
                               )
   vs.                         )   Case Nos.
                               )   2:20-cv-01774 CAS(PLAx)
UNITED STATES OF AMERICA, et   )   2:20-cv-10868 CAS(PLAx)
al.,                           )
                               )
            Defendants.        )
_____)
```

STENOGRAPHIC DEPOSITION VIA VIDEOCONFERENCE OF

ANAIT STEPANYAN

SAN DIEGO, CALIFORNIA

THURSDAY, OCTOBER 13, 2022

Reported by:
JOSEPH A. JOHNSON, CERTIFIED HUMAN STENOGRAPHER
RPR, CSR NO. 14288
JOB NO. 1146831

**Anait Stepanyan - 10/13/2022**

```
1    The STENOGRAPHIC DEPOSITION VIA VIDEOCONFERENCE OF

2    ANAIT STEPANYAN, taken on behalf of defendants, in

3    San Diego, California, from 10:03 a.m. until 2:51 p.m.,

4    on Thursday, October 13, 2022, before JOSEPH A. JOHNSON,

5    CERTIFIED HUMAN STENOGRAPHER, RPR, CSR NO. 14288.

6

7    A P P E A R A N C E S (all appearances via Zoom)

8    For PLAINTIFFS:

9        LAW OFC NORMAN W. COE
         BY:  NORMAN COE
10       31744 Castaic Road
         Suite 201
11       Castaic, California 91384
         661.312.1344
12
     For UNITED STATES OF AMERICA:
13
         ASSISTANT UNITED STATES ATTORNEY
14       BY:  DANIEL A. BECK
               JOE TURSI
15       300 North Los Angeles Street
         Federal building, Suite 7516
16       Los Angeles, California 90012
         213.894.2574
17       daniel.beck@usdoj.gov

18   Also Present:

19       SERGE MERGELIAN, Armenian Interpreter, Cert No. 301022
         ANI KHACHIKYAN
20

21

22

23

24

25
```

Page 2

**Anait Stepanyan - 10/13/2022**

1          consultation?")

2          THE WITNESS:  No.

3          ATTORNEY N. COE:  You've answered.

4          THE WITNESS:  No.

5    BY ATTORNEY D. BECK:

6     Q    What is your -- are you suffering from any

7    significant physical medical conditions currently?

8          ATTORNEY N. COE:  Calls for medical expert

9    opinion.

10         Go ahead.

11         THE WITNESS:  I am sick.  I am sick every day.

12   Whatever they want from me.  What do they want from me?

13   BY ATTORNEY D. BECK:

14    Q    I want to shift subjects a bit to financial

15   subjects.  What sources of income do you currently have?

16    A    My son keeps me going.

17    Q    That son is Kadzhik?

18    A    Yes.

19    Q    Did you inherit any property from Vahram?

20         ATTORNEY N. COE:  Privacy.  Beyond the scope.

21         What difference does that make?  I'm going to

22   instruct her not to answer.

23         ATTORNEY D. BECK:  Well, part of the issue here

24   is loss of financial support.

25         ATTORNEY N. COE:  That has nothing to do with

Page 52

**Anait Stepanyan - 10/13/2022**

1  inheritance, particularly inheritance of property.  I'm

2  not going to let her --

3          ATTORNEY D. BECK:  That's fine.  If you're going

4  to instruct her not to answer --

5          ATTORNEY N. COE:  I'm going to instruct her not

6  to answer.

7          (Indiscernible crosstalk.)

8          ATTORNEY D. BECK:  -- her income and her

9  property, then so be it.

10          ATTORNEY N. COE:  You can ask her about her

11  income, if she receives any income or not, but you

12  cannot ask her about her property.

13          ATTORNEY D. BECK:  First, I want to ask -- and,

14  again, you can instruct her not to answer, but she is

15  maintaining a survivorship action.

16  BY ATTORNEY D. BECK:

17    Q   But did Vahram have a will?

18          ATTORNEY N. COE:  Again, I'm going to instruct

19  her not to answer.

20          ATTORNEY D. BECK:  Despite knowing that this is

21  a survivorship action, you're going to instruct her not

22  to answer that question?

23          ATTORNEY N. COE:  Yes.

24          ATTORNEY D. BECK:  That's completely improper.

25          Could you put the question to her and ask if

**Ben Hyatt Certified Deposition Reporters**
**888.272.0022  818.343.7040  Fax 818.343.7119  www.benhyatt.com**

1  she's going to follow her counsel's instruction not to

2  answer?

3        ATTORNEY N. COE:  I'm instructing you not to

4  answer.

5        THE INTERPRETER:  And what's the question,

6  Counsel?

7  BY ATTORNEY D. BECK:

8     Q   Are you going to follow your counsel's

9  instruction not to answer the question?

10        THE INTERPRETER:  First of all, I'm sorry.  The

11  interpreter did not capture the question as it was in

12  the final form.

13  BY ATTORNEY D. BECK:

14     Q   The question is simply:  Are you going to follow

15  your counsel's instruction not to answer?

16     A   Yes.

17     Q   Okay.  And for my next question, I'm going to

18  explain the relevance of it, and then I assume it will

19  similarly be objected to, which we'll take up.

20        Go ahead.

21        So I'm going to ask how much you inherited from

22  Vahram.  And a major part of the reason is because the

23  plaintiffs claimed that Vahram was making millions of

24  dollars a year, from 600,000 to $1.5 million per year,

25  and I want to probe whether there's any truth to that.

Ben Hyatt Certified Deposition Reporters
888.272.0022  818.343.7040  Fax 818.343.7119  www.benhyatt.com

**Anait Stepanyan - 10/13/2022**

1         ATTORNEY N. COE:  And so your question is

2    -- what you're going to ask her is what she inherited

3    -- well, ask the question and then I'll -- ask the

4    question.

5         ATTORNEY D. BECK:  So can you translate that,

6    please.

7         ATTORNEY N. COE:  Well, this is improper because

8    it's not a real -- you're not asking a question.  You're

9    making a bunch of statements.

10         ATTORNEY D. BECK:  I'm going to get to the

11    question.  The only reason I'm explaining this is

12    because there are, in my view, improper objections --

13         ATTORNEY N. COE:  Well, that --

14         ATTORNEY D. BECK:  -- and I just want to put

15    that on the record.

16         ATTORNEY N. COE:  This is improper for you to

17    ask a question in this fashion.

18         ATTORNEY D. BECK:  There is nothing improper

19    about it, and I've explained the basis for it, which I'm

20    not going to --

21         ATTORNEY N. COE:  Yeah, which is improper and

22    you've already said that.

23         ATTORNEY D. BECK:  I'm not -- I'm not required

24    to do it and I prefer not to do it.

25         ATTORNEY N. COE:  Well, then don't do it.

**Ben Hyatt Certified Deposition Reporters**
888.272.0022   818.343.7040   Fax 818.343.7119   www.benhyatt.com

**Anait Stepanyan - 10/13/2022**

1      ATTORNEY D. BECK:  But because I'm getting

2    improper instructions not to answer --

3      ATTORNEY N. COE:  It's not -- you're asking

4    what she inherited; that's not proper.  You don't get

5    that.  You can ask what income she lost and she can

6    tell you what that income was and the basis; that's

7    appropriate.

8      ATTORNEY D. BECK:  I'm not --

9      ATTORNEY N. COE:  But this thing about what

10   she inherited, that's not appropriate, of course not,

11   and you know it.

12     ATTORNEY D. BECK:  I've heard your objection.

13     ATTORNEY N. COE:  I'm an old man and I've never

14   heard this before.  I've never heard anybody ask this

15   question.  Come on, man.

16     ATTORNEY D. BECK:  That's great, but you have

17   a plaintiff who is claiming that she's lost a million

18   dollars in income per year.

19     ATTORNEY N. COE:  I do wrongful deaths all the

20   time and I've never heard this before, not once.

21     ATTORNEY D. BECK:  Well, I don't know who

22   your plaintiffs have been, but your plaintiffs are

23   making wild financial claims, and I'm entitled to probe

24   them.

25     ATTORNEY N. COE:  Just ask what is the income

**Ben Hyatt Certified Deposition Reporters**
**888.272.0022   818.343.7040   Fax 818.343.7119   www.benhyatt.com**

**Anait Stepanyan - 10/13/2022**

1    she's lost and what's the basis for that income, and

2    then they have to prove it up.  And if they can't prove

3    it up, that's it.  And if they can, they can.

4           ATTORNEY D. BECK:  I'm not -- I'm not

5    required --

6           ATTORNEY N. COE:  You don't get to ask them

7    about inheritance.  I'm not going to let you do that.

8           ATTORNEY D. BECK:  I've understood your

9    objection.  And we are going to get it on the record,

10   and you can instruct her not to answer, and then we'll

11   take it up to the court and then you can explain it.

12          ATTORNEY N. COE:  All right.  Ask your question.

13   I will instruct her not to answer about inheritance;

14   that is true.

15          THE INTERPRETER:  Counsel --

16          ATTORNEY N. COE:  All right.  Ask your question.

17          THE INTERPRETER:  May the interpreter ask a

18   question?

19          ATTORNEY D. BECK:  Yes.

20          THE INTERPRETER:  Are we going to have a break?

21          ATTORNEY N. COE:  Do you need a break?

22          ATTORNEY D. BECK:  We'll definitely take a

23   break shortly for lunch.  But I want to at least get on

24   the record the instructions not to answer this line of

25   questioning, and then we'll move on.

**Ben Hyatt Certified Deposition Reporters**
**888.272.0022  818.343.7040  Fax 818.343.7119  www.benhyatt.com**

```
 1            ATTORNEY N. COE:  We don't really need much
 2    lunch.  They're at home.  That just takes a couple of
 3    minutes; so...
 4            ATTORNEY D. BECK:  So back to questions that are
 5    going to be translated to the witness.
 6    BY ATTORNEY D. BECK:
 7      Q    So the question is simply -- and I'll start
 8    more simply -- did you inherit any houses or any real
 9    property from Vahram?
10            ATTORNEY N. COE:  All right.  I'm going
11    to instruct her not to answer that question.  It's
12    irrelevant, breaches her right to privacy, and there is
13    no reason for you to do that except to harass her; so
14    I'm instructing her not to answer.
15            Go ahead, you can translate and tell her the --
16            THE INTERPRETER:  The question and the
17    objection; right?
18            ATTORNEY N. COE:  And the instruction.
19            THE INTERPRETER:  Right.
20            THE WITNESS:  I will heed the advice of my
21    attorney.
22    BY ATTORNEY D. BECK:
23      Q    Okay.  And a related question -- and this,
24    again, I will say is related to the claims of lost
25    income here -- as community property, do you own any
```

1   real property that you obtained as community property?

2         ATTORNEY N. COE:  Again, I'll object as

3   violating right to privacy, irrelevant, harassment,

4   no foundation for this type of -- line of questioning.

5   I'm going to instruct --

6         ATTORNEY D. BECK:  Well, I'll withdraw that.

7         Go ahead.

8         ATTORNEY N. COE:  Well, if you're withdrawing

9   it, you're withdrawing it.  Go ahead.

10        ATTORNEY D. BECK:  Well, I'm going to lay a

11  little foundation for it then and, you know, I'll reask

12  it.  I'll move back to the interrogatory responses

13  provided by this particular witness.

14        THE INTERPRETER:  I'm sorry, Counsel.  The

15  question remains uninterpreted.

16        ATTORNEY D. BECK:  That's fine.  We don't need

17  it interpreted at this juncture because I've withdrawn

18  the question.

19        THE INTERPRETER:  Understood.  Understood.

20  BY ATTORNEY D. BECK:

21    Q   So I'm going to ask about the plaintiff's

22  response to supplemental response to Interrogatory

23  No. 8, and it states, "As decedent was the sole provider

24  of plaintiff, decedent made anywhere from $600,000 per

25  year to $1.5 million per year.  Discovery is ongoing,

**Anait Stepanyan - 10/13/2022**

1   and plaintiff reserves the right to supplement this

2   response."

3          And my question -- first question is:  Is it

4   true that Vahram was making anywhere between $600,000

5   per year to $1.5 million per year?

6          ATTORNEY N. COE:  Speculation.  Beyond the scope

7   of this witness's knowledge.

8          Go ahead.  She can answer if she knows.

9          THE WITNESS:  Yes, that's correct.  A little

10  more -- a little less than that, but, yes, it is true.

11  BY ATTORNEY D. BECK:

12     Q    Okay.  And do you -- knowing that you believe

13  your husband was making that much money, do you own any

14  property that was purchased with that income?

15         ATTORNEY N. COE:  No, no.  I'm going to

16  object to that.  That's -- there's no -- no foundation

17  for that.  That doesn't go to how much he was earning.

18  You're just fishing for -- to harass her on that issue.

19          She's testified just now that he was earning

20  between 600,000 and a million five a year.  I think

21  you're entitled to ask how he was earning that type of

22  money, and I'll let you ask that.

23         ATTORNEY D. BECK:  No.

24         ATTORNEY N. COE:  But you're now asking:  What

25  did you do with the money?  That's not appropriate.

**Ben Hyatt Certified Deposition Reporters**
888.272.0022  818.343.7040  Fax 818.343.7119  www.benhyatt.com

**Anait Stepanyan - 10/13/2022**

1        ATTORNEY D. BECK:  Counsel, this is very
2  -- this is -- it's improper to deliver these long
3  speaking objections.  If you want to instruct the
4  witness not to answer, instruct her not to answer.
5        ATTORNEY N. COE:  Well, you did it with your
6  questions.  Come on.
7        ATTORNEY D. BECK:  State your objection and
8  live by it.
9        ATTORNEY N. COE:  It violates her right to
10  privacy.  It's irrelevant.  It's beyond the scope of the
11  lost earnings issue.  And I'm going to instruct her not
12  to answer that question.
13        But I will allow you to ask her, you know,
14  how he was earning 600,000 to a million five.  You can
15  certainly go into that.
16        ATTORNEY D. BECK:  That's fine, but you've
17  instructed her not to answer.
18        ATTORNEY N. COE:  No, your question was:  "What
19  did you do with the money?  Did you buy some property
20  with it?"  That was your question.  That isn't -- that
21  isn't -- that isn't how he was earning 600,000.
22        ATTORNEY D. BECK:  No.  My question was simply
23  does she own any property.
24        ATTORNEY N. COE:  Well, that doesn't have
25  anything to do with how he was earning --

Ben Hyatt Certified Deposition Reporters
888.272.0022  818.343.7040  Fax 818.343.7119  www.benhyatt.com

**Anait Stepanyan - 10/13/2022**

1           ATTORNEY D. BECK:  I'm not going to argue the

2    basis for it.  You can make your objection and you can

3    instruct her not to answer.  I think the basis for it

4    will be facially apparent to anybody considering these

5    issues, and I'm happy to take it up with the court.

6           ATTORNEY N. COE:  Well --

7           ATTORNEY D. BECK:  So I'm going to state my

8    question.  If you are going to instruct not to answer,

9    you are going to instruct not to answer.

10          ATTORNEY N. COE:  Okay.  State your question and

11   then I'll --

12   BY ATTORNEY D. BECK:

13    Q    The question, and I'll restate it, is:  Given

14   that you've stated in your interrogatory responses that

15   the decedent made anywhere from $600,000 per year to

16   $1.5 million per year, do you own any property that was

17   purchased with that income?

18          ATTORNEY N. COE:  It's beyond the scope --

19   strike that.

20          No foundation.  It violates right to privacy.

21   It's harassment and irrelevant with respect to the

22   actual lost earnings that she is claiming.  And I'm

23   going to instruct her not to answer that question.

24          THE WITNESS:  I will heed my attorney's advice.

25   ///

**Ben Hyatt Certified Deposition Reporters**
888.272.0022  818.343.7040  Fax 818.343.7119  www.benhyatt.com

**Anait Stepanyan - 10/13/2022**

1    BY ATTORNEY D. BECK:

2        Q    Okay.  And follow-up question.  I assume the

3    answer is going to be the same, but I'm going to ask it.

4    Do you know if you own any stocks or other investments

5    that were purchased with this income?

6            ATTORNEY N. COE:  All right.  Irrelevant.

7    Harassment.  There's no foundation for this with respect

8    to the issue of lost income, and I'm going to instruct

9    the witness not to answer.

10           THE WITNESS:  I'll heed to my attorney's advice.

11           ATTORNEY D. BECK:  Okay.  With that, I think we

12   can take a break for lunch.  Would 20 minutes be sufficient,

13   or do people need more than that?

14           THE INTERPRETER:  Interpreter would ask for 25.

15           ATTORNEY N. COE:  That's fine.

16           ATTORNEY D. BECK:  I will agree to 25, certainly.

17   So come back at 1:05.

18           ATTORNEY N. COE:  Great.  Thank you.

19           THE INTERPRETER:  Sounds good.  Thank you.

20           (A recess was taken at 12:39 p.m.)

21           (Back on the record at 1:12 p.m.)

22   BY ATTORNEY D. BECK:

23       Q    One last question on the subject we were just

24   on.  Are you providing income to anybody else currently,

25   such as your sons?

Page  63

1    BY ATTORNEY D. BECK:

2        Q    I want to look at Exhibit 2.  And it's up

3    on the screen, the Second Supplemental Response to

4    Interrogatories, No. 8.  On Page 9, you'll see it

5    states, "To the extent that decedent would have lived,

6    he would have been making about the same amount of

7    income."

8        A    I do see that.

9        Q    What do you base that belief on?

10       A    Because my husband was a working man.  He was

11   able to work.  During the 30 years in America, he worked

12   day and night.

13       Q    Did he ever retire from working?

14       A    No.

15       Q    I'll read the next sentence, which says,

16   "Viken L. Yepremian Accounting, 6522 North First Street,

17   Fresno, California 93710, was decedent's tax preparer

18   and would have such records, but has indicated that they

19   have no records for taxes done for decedent.

20            ATTORNEY D. BECK:  Could you translate that,

21   please.

22       (Interpreter speaks to witness in EASTERN ARMENIAN.)

23            ATTORNEY N. COE:  Hold it.  Was that just --

24   was he just reading Viken Yepremian was the decedent's

25   tax preparer who would have such records but indicated

Ben Hyatt Certified Deposition Reporters
888.272.0022  818.343.7040  Fax 818.343.7119  www.benhyatt.com

**Anait Stepanyan - 10/13/2022**

1    BY ATTORNEY D. BECK:

2       Q    And did you provide any copies of those tax

3    documents to your attorneys for use in this case?

4       A    My son called IRS, and their answer was

5    that, you know, "We don't keep any papers longer than

6    10 years."  I don't know how many years was that for.

7    And please direct your questions to my attorney.

8       Q    Was Vahram healthy before his death on

9    January 8th, 2018?

10      A    Yes.

11      Q    Are you aware of any sort of medical services

12   that Vahram sought in the week before his death?

13      A    I don't recall, no.  I don't recall, no.

14      Q    Did Vahram ever tell you before his death that

15   he was -- in the months before his death that he was

16   suffering from any severe abdominal pain, for example?

17      A    No.

18           ATTORNEY D. BECK:  I'll mark as Exhibit 8 a

19   copy of a nurse triage report from COH call center, City

20   of Hope call center, for a visit date of January 5, 2018.

21   These are nursing notes for a telephone encounter.

22           (Exhibit 8 was marked by the CSR for

23            identification and is attached hereto.)

24   BY ATTORNEY D. BECK:

25      Q    Were you aware of whether Vahram had made a call

Page 85

**Anait Stepanyan - 10/13/2022**

1    BY ATTORNEY D. BECK:

2        Q    And how do you know he wasn't taking it?

3        A    I used to live with him; I've never seen them.

4        Q    Did he ever tell you he was not taking

5    antidepressant medication?

6        A    I didn't see.

7        Q    Did Vahram in 2016 ever tell you that he had

8    stopped working?

9            THE INTERPRETER:  I'm sorry, counsel.  In 2000?

10           ATTORNEY D. BECK:  '16.

11           THE WITNESS:  No.

12   BY ATTORNEY D. BECK:

13       Q    Did Vahram ever tell you that he was unable to

14   do construction work anymore?

15       A    I don't recall.  No, I don't recall.

16           ATTORNEY D. BECK:  I'll mark as Exhibit 10 a

17   copy of an OP visit in hematology for Vahram Kesablyan

18   dated February 16th, 2017, dictated by Stephen Forman,

19   M.D.

20           (Exhibit 10 was marked by the CSR for

21            identification and is attached hereto.)

22   BY ATTORNEY D. BECK:

23       Q    Vahram was diagnosed at some point with

24   abdominal large cell lymphoma; is that correct?

25           ATTORNEY N. COE:  Calls for speculation.  Calls

**Ben Hyatt Certified Deposition Reporters**
**888.272.0022   818.343.7040   Fax 818.343.7119   www.benhyatt.com**

EXHIBIT 9

Department: Hematology                          Kesablyan, Vahram
1500 East Duarte Rd                             MRN: 10143967,                    Sex: M
Duarte CA 91010                                 Adm: 7/21/2016, D/C: 7/21/2016

**07/21/2016 - OP Visit in Hematology (continued)**

**Clinic Note**

**Progress Notes**

**Stephen J Forman, MD at 7/21/2016 0001**

```
CLINIC NOTE
DATE:  07/21/2016
NAME:  KESABLYAN, VAHRAM
MR #:     0010143967
CLINIC:  HEMATOLOGY
DICTATED BY:              Stephen Forman, MD
ATTENDING:                Stephen Forman MD

SERVICES PROVIDED BY:  Stephen Forman MD

IDENTIFICATION:
Mr. Kesablyan comes back for followup today for his abdominal large cell
lymphoma who completed therapy with R-CHOP on 12/24/2015.  The last scan
done in March showed him to be in remission.  In general, he is stable, but
I received a lot of calls about him from family members about his mental
status as he appears to have bouts of angry outbursts and sometimes seems a
little depressed and he is not working, likely due to the disease and the
chemotherapy and is involved with taking care of his grandchildren, but
there now occasions where he does not pick them up from school anymore.

I had a talk with Mr. Kesablyan and his family about this and he actually
to my pleasant surprise had some insight into this as he recognizes that he
would have these outbursts and felt bad after each one so he was willing to
try the medication to see if this might help him.

PHYSICAL EXAMINATION:
VITAL SIGNS:  Temperature 36.5, pulse 70, blood pressure 108/65, weight 81
kg.
SKIN:  No rash.
NODES:  Negative.
CHEST:  Clear.
ABDOMEN:  No hepatomegaly and the abdomen is actually pretty soft.

LABORATORY DATA:
White count 7200; hemoglobin 16.6; platelet count 217,000.  BUN 12,
creatinine 0.9.  LFTs are normal.  LDH 159.

ASSESSMENT:
1.  DIFFUSE LARGE B-CELL LYMPHOMA INVOLVING THE ABDOMINAL NODES.  No
evidence of recurrent disease.  He will come back in a month, mostly so I
can check him out and the response to the medication we are going to put
him on.
2.  SMALL-BOWEL OBSTRUCTION.  No recurrence, we were able to manage this in
March without surgery.
3.  GASTROINTESTINAL.  Continue PPI.
4.  INFECTIOUS DISEASE.  Acyclovir has been discontinued.
5.  LEG PAIN.  I forgot to ask him about it and I will do it next time.  I
did not think it was intermittent claudication.
6.  MENTAL STATUS, ,ANXIETY, plus depression.  We put him on Celexa 20 mg a
day and he will call me if he has any side effects.  Otherwise, we will
reevaluate him in a month to see whether this is working or whether we need
to change to a different medication.


SF:in/2022903
D:07/21/2016 14:24:03
T:07/22/2016 00:38:19
```

EXHIBIT    12
Anait Stepanyan
Thursday, October 13, 2022
Joseph A. Johnson, CSR No. 14288

```
Electronically authenticated by:
Stephen Forman, MD 07/24/2016 03:49 P
```

EXHIBIT 10

Department: Hematology
1500 East Duarte Rd
Duarte CA 91010

Kesablyan, Vahram
MRN: 10143967,
Adm: 2/16/2017, D/C: 2/16/2017

Sex: M

**02/16/2017 - OP Visit in Hematology (continued)**

**Clinic Note**

### Progress Notes

#### Stephen J Forman, MD at 2/16/2017 0001

```
 CLINIC NOTE
DATE:  02/16/2017
NAME:  KESABLYAN, VAHRAM
MR #:     0010143967
CLINIC:  HEMATOLOGY
DICTATED BY:              Stephen Forman, MD
ATTENDING:               Stephen Forman MD

SERVICES PROVIDED BY:  Stephen Forman, MD

IDENTIFICATION:
Mr. Kesablyan comes back for followup today for his abdominal large cell
lymphoma, having completed R-CHOP in 12/2015.  He had a scan done today,
which we reviewed and I looked at myself and showed it to him that did not
show any evidence of disease.  He is having some abdominal pain, but I told
him the lymphoma is not the cause and he seemed reassured by that.  There
has been a big change in his overall activities since he developed lymphoma
as he is not working anymore and he and I and his wife spoke about this
again today _____  I believe that some of the things he is experiencing in
terms of fatigue are really psychological in origin.

PHYSICAL EXAMINATION:
VITAL SIGNS:  Temperature 36.3, pulse 62, blood pressure 102/68, and weight
80.8 kg.
SKIN:  No rash.
NODES:  Negative.
CHEST:  Clear.
ABDOMEN:  Slightly distended.  The bowel sounds are active.

LABORATORY DATA:
White count 6800; hemoglobin 15.1; platelet count 168,000.  BUN 11,
creatinine 0.8.  LFTs are normal.  LDH 174.

ASSESSMENT:
1.  DIFFUSE LARGE B-CELL LYMPHOMA WITH ABDOMINAL NODES.  No obvious
evidence of recurrent disease.  The scan was very reassuring now 14 months
after completing therapy.
2.  SMALL-BOWEL OBSTRUCTION.  No recurrence.
3.  GASTROINTESTINAL.  Continue PPI, but this does not appear to be giving
him any relief.
4.  INFECTIOUS DISEASE.  He got a flu vaccine, but he is not taking
acyclovir.
5.  MENTAL STATUS/ANXIETY/DEPRESSION.  I forgot to ask him whether he is
actually taking the Lexapro or Restoril, but it is not obvious _____ doing
him a whole lot of good.  We will review this when he comes back.


SF:hn/2198659
D:02/16/2017 15:54:05
T:02/17/2017 06:24:57




Electronically authenticated by:
Stephen Forman, MD 02/20/2017 04:42 P



Enclosure:
```

**EXHIBIT 10**
Anait Stepanyan
Thursday, October 13, 2022
Joseph A. Johnson, CSR No. 14288

Electronically signed by Stephen J. Forman at 2/20/2017  4:50 PM

EXHIBIT 11

# *In The Matter Of:*

### *Anait Stepanyan*
### *v.*
### *USA*

_____

### *Dr. Stephen J. Forman VOL 1*

### *April 19, 2023*

_____



17835 Ventura Blvd. Suite 310 Encino, CA 91316
P 888.272.0022 F 818.343.7119
www.benhyatt.com

BH CDR Job # **1153066**
number of pages 32

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

```
ANAIT STEPANYAN, KIRAKOS     )
KESABLYAN, and KADZHIK       )
KESABLYAN, individuals and   )
Heirs of Decedent VAHRAM     )
KESABLYAN; and ANAIT         )
STEPANYAN as Successor in    )
Interest to VAHRAM KESABLYAN,) CASE NO. CV 20-01774 CAS
                             )          (PLAx)
                             ) Case NO. CV 20-10868 CAS
                             )          (PLAx)
                             )          Consolidated
              Plaintiffs,    )
                             )
         vs.                 )
                             )
UNITED STATES OF AMERICA;    )
F.B.I. AGENT HANNAH MARIE    )
MONROE; F.B.I. AGENT BROMLEY )
RENAE; TWENTY UNKNOWN F.B.I. )
AGENTS; and DOES 1-100,      )
inclusive,                   )
                             )
              Defendants.    )
_____)
```

REMOTE DEPOSITION OF

DR. STEPHEN J. FORMAN

April 19, 2023

5:29 p.m.

Kieu Pham, CSR NO. 13667

Dr. Stephen J. Forman - 4/19/2023

```
 1                    APPEARANCES OF COUNSEL

 2

 3    On Behalf of the Plaintiff:

 4         LAW OFFICES OF VICTOR L. GEORGE
           Norman Coe, Esq.
 5         20355 Hawthorne Boulevard
           Torrance, CA 90503
 6         (310) 698-0990
           Malfaro@vgeorgelaw.com
 7

 8    On Behalf of the Defendant, United States of America:

 9         OFFICE OF THE UNITED STATES ATTORNEY, CENTRAL
           DISTRICT OF CALIFORNIA
10         Daniel A. Beck, AUSA
           Joseph W. Tursi, AUSA
11         300 North Los Angeles Street, Suite 7516
           Los Angeles, California 90012
12         (213) 894-2574/3989
           Daniel.Beck@usdoj.gov
13         Joseph.Tursi@usdoj.gov

14

      On Behalf of the Witness, Dr. Stephen J. Forman
15
           LAW + BRANDMEYER LLP
16         Bryan Misshore, Esq.
           385 E. Colorado Blvd., Suite 200
17         Pasadena, California 91101
           (626) 243-5500
18         Bmisshore@lawbrandmeyer.com

19

20

21

22

23

24

25
```

Page 2

Dr. Stephen J. Forman - 4/19/2023

1              Does this note reflect that you told

2    Mr. Kesablyan at this date that his continuing abdominal

3    pain was not caused by active lymphoma?

4       A    Yes.

5       Q    I'm going to wait just a second for this ringing

6    to end as I don't know how to stop it otherwise.  Okay.

7    And it states here there has been a big change in his

8    overall activities since he developed lymphoma as he is

9    not working anymore, and he his and wife -- he and I and

10   his wife spoke about this again today.

11             Do you see that?

12      A    I do.

13      Q    And does this reflect that you spoke to him at

14   this time and his wife about the fact that he was not

15   working anymore?

16      A    Yes.

17      Q    And the reason he wasn't working was because of

18   the consequences -- physical consequences of his lymphoma?

19             MR. COE:  I'm sorry.  Could you repeat that

20   question, please, Ms. Pham?

21             THE REPORTER:  And the reason he wasn't working

22   was because of the consequences -- physical consequences

23   of his lymphoma?

24             MR. COE:  Speculation.

25             THE WITNESS:  The overall effect on him

EXHIBIT 12

Department: COH CALL CENTER
1500 East Duarte Rd
DUARTE CA 91010

Kesablyan, Vahram
MRN: 10143967,                    Sex: M
Visit date: 1/5/2018

**01/05/2018 - Nurse Triage in COH CALL CENTER (continued)**

**Nursing Notes**

**Telephone Encounter**

**Alexandra Yin Ling Ching, RN at 1/5/2018 1456**

Vahram Kesablyan is a 55 y.o. male complaining of ongoing abdominal pain and nausea for months. Patient's history was provided by child and chart review.

**Initial Assessment:**
History of abdominal large cell lymphoma, S/P RCHOP completed in 12/2015, last follow up by Dr. Forman on 2/16/17.  Reports ongoing severe abdominal pain and nausea for months.  States patient sought evaluation at local ER in Burbank Providence Hospital few months ago with negative work-up.  Son is insisting to follow up with MD ASAP.

**Review of Systems:**
Patient is all negative except for
General ROS: positive for  - weight loss but unclear of exact pounds
negative for - chills or fever
Gastrointestinal ROS: positive for - ongoing abdominal pain for months, intermittent nausea for months, regular BM
negative for - constipation, vomiting

**Pain Assessment:**
Pain Location: entire abdomen
Severity: severe
Timing: intermittent
Quality: sharp

**Disposition:**
- Patient Disposition: Triage RN to contact practitioner
- Patient Response: Other (specify) Son verbalized understanding but becomes verbally aggressive to pay cash for follow up if patient's insurance disapproves visit.

**Instructions:**
I spoke with Surime Dobrin, PA, at 1459 who provided the following instructions:  Will have scheduling to schedule f/u at earliest available if his insurance approves; otherwise to go to local ER or ETC for uncontrolled pain.
Son is notified of PA's instructions at 1505.  Informed to anticipate a call either from scheduling to confirm appt or utilization dept to explain insurance issue.  Explained to son that triage is not an insurance expert and not the best staff to discuss payment method.  Reinforced to go to local ER for management of uncontrolled nausea/ abdominal pain or ETC (clinic 1a) if his insurance covers for COH service.  Emailed to scheduling and UR specialist to confirm appt or update insurance issue with patient's son.

Electronically signed by Alexandra Yin Ling Ching, RN at 1/5/2018  3:49 PM

EXHIBIT     8

Anait Stepanyan

Thursday, October 13, 2022

Joseph A. Johnson, CSR No. 14288