E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
DANIEL A. BECK (Cal. Bar No. 204496)
JOSEPH W. TURSI (Cal. Bar No. 300063)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2574 | 3989
    Facsimile: (213) 894-7819
    E-mail: Daniel.Beck@usdoj.gov
          Joseph.Tursi@usdoj.gov

Attorneys for Defendant
The United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANAIT STEPANYAN, KIRAKOS KESABLYAN, and KADZHIK KESABLYAN, individuals and heirs of Decedent VAHRAM KESABLYAN; and ANAIT STEPANYAN as Successor in Interest to VAHRAM KESABLYAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 2:20-cv-01774 CAS (PLAx)<br>No. 2:20-cv-10868 CAS (PLAx)<br>Consolidated<br><br>**DECLARATION OF DANIEL A. BECK IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1** |

1

# DECLARATION OF DANIEL A. BECK

I, Daniel A. Beck, declare as follows:

1. I am an Assistant United States Attorney in the Civil Division of the United States Attorney's Office for the Central District of California, and I am one of the attorneys representing the United States as the Defendant in this action. I have personal knowledge of the following facts, and if called upon, I would truthfully testify as set forth below.

2. Exhibit A to this declaration is a true and correct excerpt from transcript of the May 25, 2023 deposition of Charles P. Stephenson, who has been retained as an expert by the Plaintiffs in this action.

3. Exhibit B to this declaration is a true and correct copy of the errata sheet dated June 12, 2023 that Charles P. Stephenson provided for his deposition testimony.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of August, 2023.

_____/s/ Daniel A. Beck_____
Daniel A. Beck

# EXHIBIT A

Case 2:20-cv-01774-CAS-BFM Document 94-1 Filed 08/07/23 Page 3 of 11 Page ID #:1856

Do Not Copy

# CERTIFIED TRANSCRIPT IN THE MATTER OF:

*Stepanyan, et al v*

*USA, et al*

*Charles Stephenson*

*Vol. I*

*May 25, 2023*

*lipka.com, inc.*

*transcripts@lipka.com*

*ph: (888) lipka-com*

*fx: (866) lipka-fax*

*www.lipka.com*



```
 1  UNITED STATES DISTRICT COURT
 2  CENTRAL DISTRICT OF CALIFORNIA
 3  WESTERN DIVISION
 4  No. 2:20-cv-07714 CAS (PLAx)
 5  No. 2:20-cv-10868 CAS (PLAx)
 6  ------------------------------------x
 7  ANAIT STEPANYAN, KIRAKOS
 8  KESABLYAN, and KADZHIK
 9  KESABLYAN, individuals and heirs
10  of Decedent VAHRAM KESABLYAN;
11  and ANAIT STEPANYAN as Successor in
12  Interest to VAHRAM KESABLYAN,
13           Plaintiffs,
14      vs.
15  UNITED STATES OF AMERICA, et al.,
16           Defendants.
17  ------------------------------------x
18                Remote Deposition
19                 May 25, 2023
20                  10:02 a.m.
21      DEPOSITION OF EXPERT CHARLES STEPHENSON
22
23              lipka.com, inc.
24               888.lipka.com
25           transcripts@lipka.com
```

lipka.com, inc.
(888) 547-5226       transcripts@lipka.com
1

5

1      Q.   I'm going to skip over the -- skip to kind of
2  one issue and then we'll get back to your more specific
3  opinions below.  But in this -- in the description from
4  the documents you reviewed, the OP3 type statement, the
5  OP2 statement, the OP1 statement, there's a description
6  here on page 6 of your report where it states, "The
7  occupant did not open and or unlock the door and began
8  moving his hands towards the right side of his waist.
9  He eyes widened, he stiffened and appeared ready to
10 fight.  I heard OP3 give the command to break the glass
11 and saw the driver's side window break.  The occupant
12 grabbed his shirt near the right side of his waistband
13 lifted his shirt with his left hand and reached inside
14 his waistband with his right hand.  He began struggling
15 to pull what I believed to be a gun from his waist
16 band.  As the occupant continued to tug at what I
17 believed to be a gun near his waistband.  Fearing I and
18 the other operators were about to be shot I fired my
19 M-4 rifle multiple times to address the threat.  As the
20 occupant was pulled out of the vehicle, his shirt
21 lifted and I could see what appeared to be an empty tan
22 colored, inside the waistband gun holster in the
23 occupant's right front waistband."
24          And my question to you, and I've reviewed
25 your report and I see the opinion, but did you form an

lipka.com, inc.
(888) 547-5226          transcripts@lipka.com
55

6

1  opinion as to whether this operator, if that is what he
2  observed, had reason to employ lethal force by shooting
3  Mr. Kesablyan?
4      A.   With Operator Number 3 with regard to his
5  perception as it's predicated on his statement, no.  I
6  didn't -- I felt he was justified in using lethal
7  force.
8      Q.   And we'll turn to some of the opinions you
9  formed, what I call critical opinions that are stated
10 in the report.
11          MR. COE:  Could you read back the question
12 and answer, Ms. Emery?
13          (Record read)
14 BY MR. BECK:
15     Q.   I did want to ask a clarification.  I meant
16 Mr. -- obviously Vahram Kesablyan was shot.  Okay.  I'm
17 going to turn to the opinions and -- actually, I'm
18 going to talk about the firearm.  It says on page 8
19 that, "Vahram Kesablyan possessed a valid concealed
20 carry permit issued by the Fresno California Sheriff's
21 office in 2013 that was renewed on May 3rd, 2017."
22          My question is did you ever review the
23 applications that Mr. Kesablyan made for that concealed
24 carry permit?
25     A.   Not the applications.  I saw it was verified

lipka.com, inc.
(888) 547-5226         transcripts@lipka.com
56

7

# EXHIBIT B

Errata Sheet

Changes in Testimony

Stepanyan ,et al v USA,

May 25 ,2023 et al

Corrections:

Page 56 - delete lines 4 thru 6 replace with:

When I considered the "totality of circumstances"; the movements of Mr. Kesablyan as reported by Operator #1 immediately prior firing his weapon, my answer is a qualified yes. When I consider the immediate actions of Operators # 2 and # 3 after reaching the pickup and being told by Operator #1 the individual in the truck was not the subject; of shining a flashlight into the individuals face, attempting to open the driver's door,  pounding on the driver's window, shouting at the individual to open the door and get your "fucking hands up", then shattering the driver's side window when no " exigent circumstances" existed to warrant such aggressive action it is my opinion that the actions of Operator #1, #2 and #3 that lead to the use of lethal force against Mr. Kesablyan was "objectively unreasonable".

Page 60 -  Line 17 replace Kaetlyn with Kesablyan

_____
Chuck Stephenson (Jun 12, 2023 19:52 CDT)

Jun 12, 2023

9

Page 62- Line 9 replace "movement" with "effort"- line 12 replace circumcised with compromised

Page 63 - line 6 replace "individuals" with "Operators". Delete line 10 thru 14 delete and insert sentence: " If you found the vehicle was registered to Vahram and he was associated with the residence then you could assume he was not there for some nefarious reason and factor that into your decision making about how to approach the pickup."

Page 66 - Line 14 ending with "seizure" delete lines 15, 16, and 17, insert sentence; "The totality of the circumstances is one of multiple factors used to determine if the need, amount, and level of force used was reasonable. In my opinion the totality of the circumstances is a relevant legal criterion to consider.

Page 68 - line 14 replace Four with Force.

Page 71 - line 6 thru 11 remove up to the word "easiness." Replace with- "Based on the reports I read and the FLIR video I viewed I felt there was a sense of familiarity with the surroundings and he belonged there."

Page 72 - line 4 remove sentence thru line 6 that starts with starting "He... ending with barking".

line 7 replace "since" with "sense".

Page 75 - line 18 – replace deployment with employment.

Page 81 - line 14 add sentence – I do not consider myself to be qualified to render a legal decision regarding if a particular

_____
Chuck Stephenson (Jun 12, 2023 19:52 CDT)

Jun 12, 2023

10

action or actions were negligent or not. I used the term negligent to relate my opinion that the on-scene FBI Commander had an affirmative duty and obligation to exercise a reasonable standard of care to explore all options to minimize the need, amount, and extent of use of force when making command decisions regarding the use of force tactics by the FBI SWAT team to assault the pickup.

Line 18 - delete answer; insert No.

Page 82- remove Line 14 through 19 replace with " It is my opinion that if they had that information it would have factored into their tactics and level of use of force used when they assaulted the pickup.

Pag 85 - line 6 insert pardon my "language"

Page 87 - line 21 insert Vahram place of Vicker .

Page 103 - Line 16 – add "I want to clarify that I was referring to the deposition and FBI interviews of Kirakos Kesablyan and not referencing to Vahram Kesablyan's doctor's deposition, Dr. Forman's, in my remarks."

Page 115 - line 14 -replace number "3" with "1"; Line 17 replace number "3" to with "1".

Page 120 - Line 8 delete word " strictly"; line 21 replace "Victor" with "Vahram": line 22 replace "Victor" with "Vahram"

_____
Chuck Stephenson (Jun 12, 2023 19:52 CDT)

Jun 12, 2023

11