E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
DANIEL A. BECK (Cal. Bar No. 204496)
JOSEPH W. TURSI (Cal. Bar No. 300063)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2574 | 3989
    Facsimile: (213) 894-7819
    E-mail: Daniel.Beck@usdoj.gov
          Joseph.Tursi@usdoj.gov

Attorneys for Defendant
The United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANAIT STEPANYAN, KIRAKOS KESABLYAN, and KADZHIK KESABLYAN, individuals and heirs of Decedent VAHRAM KESABLYAN; and ANAIT STEPANYAN as Successor in Interest to VAHRAM KESABLYAN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:20-cv-01774 CAS (PLAx)<br>No. 2:20-cv-10868 CAS (PLAx)<br>Consolidated<br><br>**OBJECTION BY DEFENDANT UNITED STATES OF AMERICA TO PLAINTIFFS' AMENDED WITNESS LIST**<br><br>Trial Date:   September 19, 2023<br>Time:         9:30 a.m.<br>Courtroom:  8D<br><br>Hon. Christina A. Snyder<br>United States District Judge |

Plaintiffs filed an Amended Witness List on September 14, 2023 [Dkt. no. 116]. The United States objects to the Plaintiffs' effort to add undisclosed new witnesses and new testimony subjects just days before trial, long after the discovery cutoff, the expert disclosure cutoff, and the August 8, 2023 deadline for the parties to file witness lists.[1]

Plaintiffs' Amended Witness List adds a "representative" of the doctors who performed the autopsy on the decedent. This person is named as "REPRESENTATIVE, M.D., *LA County Dept of Medical Examiner-Coroner*," and their testimony is described as: "The results of the autopsy of Vahram Kesablyan. Testifying as a representative of Dr. Vallone and Dr. Ribe. See footnotes 1 and 2, above." *See* Dkt. no. 116, at pp. 3-4. Similarly, the Amended Witness List identifies Ryan Benavides Parraz as the "Coroner Investigator, LA County Dept of Medical Examiner-Coroner," and describes his testimony as "The investigation related to the shooting death of Vahram Kesablyan." *Id.*

The United States objects that this testimony about autopsy results and an "investigation related to the shooting death" is improperly disclosed at this extremely late juncture, and may not be presented at trial for multiple reasons.

**First**, these witnesses were not identified in the Plaintiffs' initial disclosures pursuant to FRCP 26. *See* Exhibit A hereto (Plaintiff's Amended Initial Disclosures, served on January 31, 2022). They thus were not deposed.

**Second,** Plaintiffs' Amended Witness List does not limit these witness's testimony to simply authenticating documents, but rather states that they will be testifying about "results" of autopsy analysis as medical professionals or investigators. The unnamed representative is said to be testifying as to "the results of the autopsy." Mr. Parraz is now identified as testifying about an unknown "investigation related to the

---

[1]  To be clear, the Defendant filed amended witness lists [Dkt. nos. 103, 109], but these lists just added some of the witnesses that Plaintiffs had already identified on their own witness list [Dkt. no. 99]; i.e. Defendant did not add any new witnesses.

shooting death of Vahram Kesablyan."[2] That is not just document authentication; it is expert testimony. The Plaintiffs did not timely disclose that testimony in this litigation by written reports served pursuant to the requirements of Fed. R. Civ. P. 26(a)(2), which apply to non-retained physician experts just as they apply to retained physician experts.

**Third**, the anonymous "representative" of the doctors who actually performed the autopsy also cannot testify at trial because any knowledge or opinion that he-or-she may form regarding this autopsy would be in the context of being asked to review and opine about an autopsy report that other physicians had previously performed. Such non-percipient analysis and opinion testimony cannot be presented unless it was timely disclosed in the litigation by a written report served in compliance with Fed. R. Civ. P. 26(a)(2). It cannot be elicited by questioning at trial, much less elicited pursuant to an amended witness list that the Plaintiffs filed just days before trial begins.

Plaintiffs could have investigated and obtained testimony and documents on these subjects much earlier in the litigation, if Plaintiffs thought they were important.[3] They did not. They cannot do so shortly before trial. Adding more trial counsel has no bearing on the disclosure requirements in civil litigation.

There is no dispute in this case that Vahram Kesablyan was shot by FBI SWAT Operator 1, and that he died because of those gunshot wounds. That point does not require witness testimony. The gunshots are visible on the FLIR video. The parties

---

[2] Mr. Parraz was not identified in Plaintiffs' initial disclosures. He was identified in Plaintiffs' August 8, 2023 witness list [Dkt. no. 99], but his testimony was identified there as "The results of the autopsy of Vahram Kesablyan." *Id.* at p. 7. In Plaintiffs' new Amended Witness List, the description of Mr. Parraz's testimony has now been changed to be "The investigation related to the shooting death of Vahram Kesablyan." [Dkt. no. 116, at p. 4]. It remains unclear what this "investigation" was and what it supposedly found, because Plaintiffs never disclosed it in discovery.

[3] On September 13, 2023, Plaintiffs also produced copies of some new autopsy photos which they evidently obtained, by request, from the coroner's office. Plaintiffs have attempted to add these photos as new exhibits via an amended exhibit list. All such documents should have been obtained and produced much earlier; nothing prevented Plaintiffs from doing so during the discovery period.

stipulated in the proposed pretrial conference order that "[t]he coroner ascribed Vahram's death to 'multiple gunshot wounds.'" *See* Dkt. no. 105-1, at p. 6.

Plaintiffs, however, through their new counsel, appear now to be trying to make or elicit some substantive and specific claims, assertions, or opinions about what the autopsy process supposedly shows about details of the shooting, eliciting undisclosed testimony on that subject. Worse, the testimony is ascribed to witnesses who did not actually conduct the autopsy, including an unnamed new person who Plaintiffs identify at this very late juncture as what they call a "representative" of the physicians who did.

If Plaintiffs wanted to make detailed autopsy findings and opinions an issue at trial, they were obligated to properly make that an issue in discovery long ago. Plaintiffs did not timely disclose such expert testimony or supporting documents. Had they done so, the Defendant could have then responded by measures like deposing the individuals and/or retaining other experts to analyze and address any issues, opinions, or claims that were raised. Interjecting such testimony shortly before trial is not permissible. The United States therefore objects, and requests that the Court preclude these witnesses from testifying about any "results" or "investigation" of the autopsy.

Dated: September 15, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

/s/ Daniel A. Beck
DANIEL A. BECK
JOSEPH W. TURSI
Assistant United States Attorneys

Attorneys for Defendant
The United States of America

# EXHIBIT A

Victor L. George, State Bar No. 110504
Norman W. Coe, State Bar No. 125391
Meylin P. Alfaro, State Bar No. 315177
LAW OFFICES OF VICTOR L. GEORGE
20355 Hawthorne Blvd., First Floor
Torrance, California 90503
Telephone:   (310) 698-0990
Facsimile:   (310) 698-0995
E-mail:   vgeorge@vgeorgelaw.com
              malfaro@vgeorgelaw.com

Attorneys for Plaintiffs,
ANAIT STEPANYAN, KIRAKOS KESABLYAN, and KADZHIK KESABLYAN, individuals and heirs of Decedent VAHRAM KESABLYAN; and ANAIT STEPANYAN as Successor in Interest to VAHRAM KESABLYAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAIT STEPANYAN, KIRAKOS KESABLYAN, and KADZHIK KESABLYAN, individuals and heirs of Decedent VAHRAM KESABLYAN; and ANAIT STEPANYAN as Successor in Interest to VAHRAM KESABLYAN, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA; F.B.I. AGENT HANNAH MARIE MONROE; F.B.I. AGENT BROMLEY RENAE; TWENTY UNKNOWN F.B.I. AGENTS; and DOES 1-100, inclusive, <br><br> Defendants. | CASE NO. 2:20-cv-01774-CAS (PLAx) <br> CASE NO. 2:20-cv-10868-CAS(PLAx) <br> Hon. Christina A. Snyder <br> United States District Judge <br><br> **PLAINTIFFS' AMENDED RULE 26 (a) (1) INITIAL DISCLOSURES** |

4

Plaintiffs ANAIT STEPANYAN, KIRAKOS KESABLYAN, and KADZHIK KESABLYAN, make the following initial disclosures in accordance with Rule 26 (a) of the Federal Rules of Civil Procedure.

These disclosures are based on facts and documents currently known and reasonably available to Plaintiffs as of the date of these disclosures and are complete as to the parties' best knowledge at this time. Plaintiffs reserve the right to supplement or amend these disclosures as other information becomes known and/or available as permitted by the applicable rules.

I.  Rule 26(a)1(A):  Witnesses

Individuals likely to have discoverable information that Plaintiff may use to support its claims and/or defenses include:

A. ANAIT STEPANYAN -  Plaintiff will testify about the nature of her claims, as well as damages caused.

B. KIRAKOS KESABLYAN -  Plaintiff will testify about the nature of his claims, as well as damages caused.

C. KADZHIK KESABLYAN -  Plaintiff will testify about the nature of his claims, as well as damages caused.

D. Leah Kesablyan – Witness will testify about the day the incident took place and what she saw as a percipient witness. Witness is a minor and can be contacted through Plaintiffs' counsel.

E. Mila Kesablyan – Witness will testify about the day the incident took place and what she saw as a percipient witness. Witness is a minor and can be contacted through Plaintiffs' counsel.

F. Ani Khachikyan – Witness will testify about the day the incident took place and what she saw as a percipient witness. Witness is a minor and can be contacted through Plaintiffs' counsel.

II. DOCUMENTS

A. Search and Seizure Warrant;

    **B.**    Criminal Complaint No. 2:18-mj-00030-DUTY;

    **C.**    Evidence collected item log;

    **D.**    Pictures from the date of the killing and warrant execution;

    **E.**    FBI Interview Report;

    **F.**    Death Certificate;

    **G.**    Marriage certificate od decedent; and

    **H.**    Pictures of decedent before his death;

**III.   DAMAGES**

    Plaintiffs will seek damages for the loss of their father and husband. Plaintiffs will retain an expert to calculate Plaintiffs' damages.

**IV.   SUPPLEMENTS**

    Plaintiffs reserve the right to supplement or amend these disclosures as other information becomes known and/or available as permitted by the applicable rules.

DATED: January 31, 2022    **LAW OFFICES OF VICTOR L. GEORGE**

By: ___/s/ Meylin P. Alfaro___
VICTOR L. GEORGE
MEYLIN P. ALFARO
Attorneys for Plaintiffs

**PROOF OF SERVICE**
CASE NO. 2:20-cv-01774-CAS (PLAx)
CASE NO. 2:20-cv-10868-CAS(PLAx)

STATE OF CALIFORNIA            )
                               )  ss.
COUNTY OF LOS ANGELES )

  I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 20355 Hawthorne Boulevard, First Floor, Torrance, CA 90503.

  On January 31, 2022, I served the foregoing document(s) described as **PLAINTIFFS' AMENDED RULE 26 (a) (1) INITIAL DISCLOSURES**, on the interested party(ies) in this action by placing:

[X] a true copy
[ ] the original

| | |
|---|---|
| TRACY L. WILKISON<br>DANIEL A. BECK<br>Federal Building, Suite 7516<br>300 North Los Angeles Street \| Los Angeles, CA 90012<br>Email: daniel.beck@usdoj.gov<br>***Attorneys for Defendant USA*** | MICHAEL N. FEUER<br>SUREKHA A. SHEPHERD<br>200 North Main Street, 6th Floor, City Hall East \| Los Angeles, California 90012<br>Email: surekha.shepherd@lacity.org<br>***Attorneys for Defendant City of Los Angeles*** |

**[X] (BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Torrance, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X] (BY ELECTRONIC TRANSMISSION) PER DEFENSE COUNSEL'S REQUEST.** By emailing the document(s) to the persons at the e-mail address(es) on this Proof of Service. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

  I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 31, 2022, at Torrance, California.

*Gabriela Gutierrez*
Gabriela Gutierrez
